Beys, Stein & Mobargha LLP

Nader Mobargha

February 10, 2012

**TO BE FILED UNDER SEAL**

**BY FACIMILE (718) 613-2236 AND BY HAND DELIVERY**

The Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  **Roe v. Doe, 98 CR 1101 (ILG)**

Dear Judge Cogan:

On behalf of John Doe, we respectfully submit this letter concerning the article published in the *New York Times* on February 6, 2012, entitled "By Revealing Man's Past, Lawyer tests Court Secrecy" (*"The New York Times* article"). By revealing Richard Roe's true name and identity in the article – not to mention posing for a half-page photo with his lawyer - Roe and his attorney, Richard Lerner, directly violated the Second Circuit's February 14, 2011 Summary Order (the "Summary Order"). *See* Ex. 1, *The New York Times* article with photo. Accordingly, we are moving by Order To Show Cause, for findings of civil contempt against both Roe and Lerner.

In its Summary Order, the Court of Appeals expressly enjoined Richard Roe and his counsel from disclosing Roe's true identity:

> Richard Roe is an attorney at law whose identity is known to all participants in this litigation and who has been given the name 'Richard Roe' as a legal placeholder because the disclosure of his true identity in this litigation context may, for the time being, lead to the improper disclosure of the materials at issue.

The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10174
212-387-8200 (Main)
212-387-8229 (Fax)
nmobargha@bsmlegal.net

(emphasis added). *See* Ex. 2, the Summary Order, at 2:12-15. Indeed, this injunction was at the front and center of the Summary Order, immediately following the central injunction in the case, which enjoins "dissemination by [any] party, their…attorneys, and all who are in active concert or participation with them, of materials placed under seal…" *Id.* at 2:8-11. Moreover, apparent throughout this complex civil, criminal and appellate litigation, the purpose of using "Richard Roe," instead of his true name, was to protect John Doe. As several courts have found, revealing certain information to the public, including the identities of the parties, could pose a grave threat to the life and safety of both Doe and his family.

Furthermore, during the oral argument leading up to the issuance of the Summary Order, Judge Cabranes recognized the need to keep Roe's true identity under seal outside of the courtroom: "You can refer to him by name here…We are all under seal here." *See* Ex. 3, Transcript of February 14, 2011 oral argument, at 32:21-22 (emphasis added). In addition, in discussing the brief he publicly filed with the U.S. Supreme Court, Roe's counsel himself acknowledged the requirement that Roe's identity must remain under seal. Specifically, he stated that in his brief "[e]very name that could give notice as to what is going on here was redacted." *Id.* at 35:2-3. However, in giving an interview to *The New York Times* in which they revealed their identities and posed for a photograph with a caption identifying themselves by name, both Lerner and Roe ignored Judge Cabranes' orders and their own statements, and violated the Summary Order.

None of this is surprising, however. From the outset of this litigation, Roe has been threatening to disseminate sealed information about Doe to the public and the press. As early as November 9, 2010, Roe made his threat explicit, in a letter to Doe's counsel:

> If you wish Doe's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. The only way to try to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement. No prior restraint was ever possible and thanks to your litigation in the EDNY and what it revealed and the transcripts thereof, all you have accomplished now is to guarantee massive public interest in the cover-up not only of the Doe conviction but the super sealed files and the evasion of mandatory restitution of the [dollar amount] (give or take) that Plaintiffs can allege Doe took out of [the company] and the wrongful concealment of the [dollar amount and cause of action] chose in action available against Doe, concealments themselves RICO predicates, which by definition make all these matters of public interest so beyond any First Amendment threshold as to make sill any attempt to enjoin.

*See* Ex. 4, Redacted letter from R. Roe to B. Herman, dated November 9, 2010 ("November 9th Letter"), ¶ 3. (emphasis added).

Roe further threatened to put Doe's sealed information "on the front pages everywhere, including New York, Iceland, Turkey, and Khazakhstan..." *Id.* at ¶ 5. His threats continued: "If this case is not settled quickly, it will surely go viral. If you obstruct a settlement instead of helping get there, everything will go public with clockwork inevitability. This is not a threat, it is mathematics. And it is certain."[1] *Id.* at ¶ 6.

Staying true to his threats and his careless, past conduct of publicly filing sealed information, Roe has now decided to reveal his identity to a national newspaper in violation of the Summary Order.[2] In doing so, Roe and his attorney have brought the public one step closer to knowing Doe's true identity.

As a result of Roe and Lerner's brazen violation of the Court of Appeals' Summary Order, we have enclosed an application for an Order To Show Cause for Findings of Civil Contempt.

Respectfully Submitted,

Nader Mobargha
Beys, Stein & Mobargha LLP
*Counsel for John Doe*

---

[1] In his meritless litigation in the Southern District of New York (Kriss, et al. v. Bayrock Group, LLC, et al., 10 Civ. 3959 (PAE)), a frivolous employment action masquerading as civil RICO, Roe's only chance of any recovery for his clients has been to threaten dissemination of Doe's sealed and confidential documents, which he knew were stolen. Indeed, he has named reputable law firms, like Nixon Peabody, as defendants in the action, based on his stated belief that they would be more likely to pay millions of dollars to settle, rather than be associated with Doe and his past. As Roe admitted in his letter to Doe's counsel, "I can with confidence predict from settlement discussions I've had that all the Defendants will be delighted to keep this quiet." *See* November 9th Letter, ¶ 6.

[2] Indeed, Roe has a history of publicly filing sealed information in violation of court orders. We detailed this history in our March 23, 2011 submission to Your Honor. At an April 1, 2011 hearing on this issue, Your Honor stated that the Court of Appeals' mandate was not retroactive, but rather limited to enforcing the Court of Appeals' Summary Order. However, Your Honor stated that if we wanted to expand Your Honor's mandate to include remedying Roe's past violations of court orders, we could make a motion to the Court of Appeals on that issue. We plan to do so in the very near future.

Cc:    The Honorable I. Leo Glasser

       Richard Lerner Esq.
*Counsel for Richard Roe*

       The United States Attorney's Office
Todd Kaminsky
Elizabeth Kramer