**EXHIBIT "2"**

MANDATE

1  10-2905-cr, 11-479-cr
2  USA v. Doe
3
4              UNITED STATES COURT OF APPEALS
5                 FOR THE SECOND CIRCUIT
6
7                    SUMMARY ORDER
8
9        Rulings by summary order do not have precedential effect.  Citation to summary orders
10  filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate
11  Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document
12  filed with this court, a party must cite either the Federal Appendix or an electronic database
13  (with the notation "summary order").  A party citing a summary order must serve a copy of it
14  on any party not represented by counsel.
15
16        At a stated term of the United States Court of Appeals for the Second Circuit, held at the
17  Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
18  on the ___14ᵗʰ___ day of February two thousand and eleven.
19
20  PRESENT:
21
22        JOSÉ A. CABRANES,
23        ROSEMARY S. POOLER,
24        DENNY CHIN,
25                    Circuit Judges.
26
27  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
28  RICHARD ROE,
29
30                    Appellant,
31
32              v.                              Nos. 10-2905-cr, 11-479-cr
33
34  UNITED STATES OF AMERICA,
35
36                    Appellee,
37
38  JOHN DOE,
39
40                    Defendant-Appellee.
41  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
42
43  FOR RICHARD ROE:          RICHARD E. LERNER, Wilson, Elser, Moskowitz,
44                            Edelman & Dicker LLP, New York, NY..
45
46  FOR APPELLEE:             TODD KAMINSKY, Assistant United States Attorney,
47                            United States Attorney's Office for the Eastern District
48                            of New York, Brooklyn, NY.

                                1

UNITED STATES COURT OF APPEALS
FILED
FEB 1 4 2011
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

2:45 pm

MANDATE ISSUED ON 02/14/2011

1 FOR DEFENDANT-APPELLEE: KELLY ANNE MOORE, Morgan, Lewis & Bockius LLP,
2 New York, NY.
3
4
5
6 **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

7 **DECREED,** following a hearing on the record on February 14, 2011, that an injunction *pendente lite*

8 shall enter to prevent the dissemination by an party, their officers, servants, employees and attorneys,

9 and all who are in active concert or participation with them, of materials placed under seal by orders of

10 this Court or of the United States District Court for the Eastern District of New York (I. Leo Glasser,

11 *Judge*) .

12      Richard Roe ("Roe") is an attorney at law whose identity is known to all participants in this

13 litigation and who has been given the name "Richard Roe" as a legal placeholder because the disclosure

14 of his true identity in this litigation context may, for the time being, lead to the improper disclosure of

15 the materials at issue here.

16      Roe appeals from orders of the District Court permanently enjoining distribution of a

17 Presentence Investigation Report ("PSR") prepared for sentencing purposes in a criminal proceeding

18 before Judge Glasser and temporarily enjoining Roe and his clients from further disseminating other

19 sealed documents filed in Doe's criminal proceedings before the District Court (Docket No. 10-2905-

20 cr).

21      We also have before us a separately docketed but consolidated petition for a writ of mandamus

22 directing the District Court to make public the docket of the criminal case in question (Docket No. 11-

23 479-cr). In turn, the United States (the "government") seeks a temporary injunction, pending the

24 disposition of this appeal, to restrain Roe and his counsel and clients, and all persons acting in concert

25 with them, from the threatened dissemination of the sealed materials at issue here by (1) filing and

26 pursuing civil actions in other federal or state courts in which the sealed materials are annexed to

27 pleadings or otherwise referred to or made public, and (2) by conveying copies of these materials or the

28 contents thereof to third-parties, including the media.

29      We assume the parties' familiarity with the remaining facts and procedural history of the case.

30

1                                         (i)

2          We turn first to Roe's petition for a writ of mandamus. The All Writs Act empowers us to

3   "issue all writs necessary or appropriate in aid of [our] respective jurisdiction[ ] and agreeable to the

4   usages and principles of law." 28 U.S.C. § 1651(a). One such writ is the writ of mandamus, an

5   "extraordinary remedy" that has been used "both at common law and in the federal courts . . . to

6   confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction."

7   *Cheney v. U.S. Dist. Crt. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (brackets and internal quotation

8   marks omitted). We issue a writ of mandamus only in "exceptional circumstances amounting to a

9   judicial 'usurpation of power' or a 'clear abuse of discretion.'" *Id.* (citations and some internal quotation

10  marks omitted); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its

11  discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous

12  assessment of the evidence or [has] rendered a decision that cannot be located within the range of

13  permissible decisions." (brackets, citations, and internal quotation marks omitted)).

14         Roe falls well short of his heavy burden to secure a writ of mandamus directed to the District

15  Court. Here, the District Court reviewed the sealed documents and the voluminous submissions by the

16  parties, conducted four days of hearings inquiring into how Roe had obtained the documents and how

17  he intended to use them, and explained in detail and on the record its well-reasoned decision to issue a

18  permanent injunction against further distribution of the PSR and a temporary injunction against further

19  distribution of the other sealed documents. Under the circumstances, we see no basis upon which to

20  conclude that the District Court in any way usurped its power or clearly abused its discretion. *See Cheney*,

21  542 U.S. at 380. Accordingly, the petition for a writ of mandamus (Docket No. 11-479-cr) is DENIED.

22         Our decision to deny the petition for a writ of mandamus may be further elaborated in due

23  course in a published opinion.

24         The docket in this proceedings (Docket No. 11-479-cr) and all documents referenced therein

25  shall remain SEALED until further order of this Court.

26

27

                                            3

(ii)

Pending a full review of the merits of Roe's appeal by a panel of this Court, the government, by a sealed motion of January 26, 2010 and accompanying affidavit, requests a temporary stay of the unsealing of Docket No. 10-2905-cr and of the materials placed under seal by Judge Glasser pending the appeal of this matter. In light of the serious, indeed grave, concerns expressed by the United States regarding the possible consequences of unsealing these documents, and the absence of any sufficiently persuasive countervailing considerations expressed by Roe, the government's motion is hereby GRANTED.

Accordingly, pursuant to this order and to our orders of January 28, 2011 (granting government's motion for an emergency stay of unsealing the docket in No. 10-2905); February 9, 2011 (granting government's motion for an emergency stay of unsealing the docket in No. 11-479 and ordering Roe not to publicly file any additional documents or cases that referred to matters subject to sealing orders in Nos. 10-2905-cr and 11-479-cr); February 10, 2011 (re-emphasizing, *inter alia*, that Roe was not to reveal or distribute sealed documents, nor contents thereof, to any third-parties, including members of the public or the media); and February 11, 2011 (re-emphasizing, *inter alia*, that all previous orders of this Court and of the United States District Court for the Eastern District of New York with respect to the documents at issue remained in full force and effect until further order of this Court), we hereby ORDER that ALL PARTIES, THEIR OFFICERS, AGENTS, SERVANTS, EMPLOYEES, AND ATTORNEYS, AND ALL OTHER PERSONS WHO ARE IN ACTIVE CONCERT OR PARTICIPATION WITH THEM, *see* Fed. R. Civ. P. 65(d)(2), are TEMPORARILY—and WITHOUT PREJUDICE to any claims or arguments that may be asserted by the parties on the merits of these appeals or on the orders in effect during the consideration of the appeals—ENJOINED from publicly distributing or revealing in any way, to any person, or in any court, proceeding or forum, except to those persons directly involved in the parties' own legal representation, any documents or contents thereof subject to sealing orders in Docket No. 10-2905-cr or in any related proceedings before the District Courts for the Eastern District of New York and Southern District of New York.

For the purpose of enforcing this Court's orders and those of the District Court for the Eastern District of New York during the panel's consideration and adjudication of the pending appeal, we

4

1    REMAND the cause (Docket No. 10-2905-cr) to the District Court for the Eastern District of New

2    York with instructions to the Chief Judge of that Court to assign a United States District Judge from

3    that Court with the limited mandate of implementing and overseeing compliance with our orders and

4    the orders previously entered by Judge Glasser. Of course, Judge Glasser, an experienced and able jurist

5    who has shown admirable patience and forbearance in the face of extraordinary provocations, shall

6    retain jurisdiction over the underlying (and long-lived) criminal proceeding involving John Doe.

7            Furthermore, in all other respects and pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir.

8    1994), this panel shall retain jurisdiction over (1) the pending appeal, both for the disposition of the

9    appeal on the merits as well as with respect to any further motions practice; (2) any other appeals from

10   the District Court's order granting the permanent and temporary injunctions at issue; and (3) any

11   appeals arising from any further proceedings in the District Court, including any further petitions for

12   extraordinary writs, including the writ of mandamus.

13

14                                              (iii)

15           Without in any way limiting the effect of this summary order and the Court's previous orders,

16   we further ORDER:

17           (1) This appeal (Docket No. 10-2905-cr) will be EXPEDITED.

18           (2) The briefing schedule will be as follows:

19                   a. Roe's opening brief shall be filed no later than Monday, February 28, 2011.

20                   b. The government's opening brief shall be filed no later than Monday, March

21                   14, 2011.

22                   c. Roe's reply brief shall be filed no later than Monday, March 21, 2011.

23                   d. The government's sur-reply brief shall be filed no later than Thursday, March

24                   24, 2011.

25

5

Case: 11-479   Document: 66   Page: 9   02/14/2012

1

## CONCLUSION

3 To summarize:

4 (1) the petition for a writ of mandamus in Docket No. 11-479 is DENIED, and the docket of

5 that case shall remain SEALED pending further order of our Court;

6 (2) the government's motion for a temporary stay of unsealing of the docket in No. 10-2905-cr

7 pending full review of the merits of Roe's appeal is GRANTED;

8 (3) the parties and all who are in active concert or participation with them are TEMPORARILY

9 ENJOINED, pursuant to the terms of the order stated above;

10 (4) we REMAND the cause to the United States District Court for the Eastern District of New

11 York for a limited purpose and under the terms noted above.

12 The limited mandate described above shall issue forthwith.

13

14         FOR THE COURT,

          Catherine O'Hagan Wolfe, Clerk of Court

**A True Copy**
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit