

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:EMN
F.#1998R01996

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 1, 2012

By Hand

To Be Filed Under Seal

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RECEIVED
HON. Brian M. Cogan
MAR 1 2012

Re:  United States v. John Doe
     Criminal Docket No. 98-1101 (ILG)

Dear Judge Cogan:

The government respectfully writes with respect to the conference held on February 27, 2012 concerning defendant John Doe's application to hold non-party Richard Roe and his attorney Richard Lerner, Esq. in civil contempt for their disclosure of certain information to The New York Times. Specifically, as the Court directed, the government addresses the propriety of the proposed representation of Mr. Roe by Mr. Lerner, and vice versa, in connection with Doe's application.

As an initial matter, the Court has the discretion to disqualify Mr. Roe and Mr. Lerner from representing each other in this proceeding. Federal courts have the inherent authority to disqualify attorneys in pending litigation when necessary to "'preserve the integrity of the adversary process.'" Hempstead Video, Inc. v. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (quoting Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)); see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). The exercise of that discretion requires a balancing of a party's "right freely to choose his counsel" against "the need to maintain the highest standards of the profession." Hempstead Video, 409 F.3d at 132 (quoting Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978)).

Moreover, in light of the Court's referral of a possible criminal contempt investigation of Messrs. Roe and Lerner to the United States Attorney's Office for the Eastern

District of New York, conflict of interest principles in the criminal context should inform the Court's assessment of whether a conflict exists with respect to Doe's civil contempt motion. In the criminal context, the Second Circuit has held that there is a per se conflict of interest where an attorney is implicated in a defendant's crimes. See United States v. Fulton, 5 F.3d 605, (2d Cir. 1993) ("The per se rule applies when an attorney is implicated in the crimes of his or her client since, in that event, the attorney cannot be free from fear that a vigorous defense should lead the prosecutor or the trial judge to discover evidence of the attorney's own wrongdoing.") (internal quotation marks and citation omitted); but see United States v. Williams, 372 F.3d 96, 105 (2d Cir. 2004) (noting that the issue of "whether the per se conflict rules are applicable where the defendant is aware of the facts underlying what would otherwise be a per se conflict" are "unresolved in this Circuit"). Were, arguendo, either Mr. Roe or Mr. Lerner, or both, to be later charged with criminal contempt, it seems highly unlikely that either of them could represent the other in such a proceeding.

Given the Court's referral of Messrs. Roe and Lerner's conduct for criminal prosecution, the government is concerned that the instant proceedings might become relevant to a future investigation. Whether or not Messrs. Roe and Lerner testify at a hearing in this civil matter or instead seek to invoke their privilege against self-incrimination, as Mr. Roe suggested they would at the last conference, their conduct in defending against the contempt motion may become relevant to a future investigation in myriad other ways. The government therefore believes it prudent to avoid having Messrs. Roe and Lerner continue defending against Doe's civil contempt motion together without the benefit of conflict-free counsel.

Accordingly, and given the unquestionably unusual nature of this case, the government respectfully suggests that the Court has the discretion to disqualify Mr. Roe and Mr. Lerner from representing each other in the proceedings relating to Doe's civil contempt motion. See Armstrong v. McAlpin, 625 F.2d 433, 445-46 (2d Cir. 1980) (en banc) (observing that, though "possible ethical conflicts surfacing during a litigation are generally better addressed by the 'comprehensive disciplinary machinery' of the state and federal bar," "there may be unusual situations were

3

the 'appearance of impropriety' alone is sufficient to warrant disqualification") (citation omitted), rev'd on other grounds.

Given the ongoing litigation concerning the sealing orders in the underlying criminal case here, which are premised, in part, on the need to ensure the safety of John Doe and his family, as well as the need to ensure the integrity of the various sealing orders in the case, the government respectfully requests that this letter be filed under seal. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995) (danger to person may be compelling reason to override public's right of access in courtroom closure context); see also United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995).

>Respectfully submitted,
>
>LORETTA E. LYNCH
>United States Attorney
>
>By:  /s/
>Todd Kaminsky
>Elizabeth J. Kramer
>Evan M. Norris
>Assistant U.S. Attorneys
>(718) 254-6367/6304/6376

cc: The Honorable I. Leo Glasser (by hand)
    Counsel for John Doe (by facsimile)
    Counsel for Richard Roe (by facsimile)