# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

150 East 42nd Street  
New York, NY 10017-5639

Telephone    212.490.3000  
Facsimile #:    212.490.3038

---

The following facsimile has page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise:

---

| From: | Richard E. Lerner | Date: | March 1, 2012 |
|---|---|---|---|
| Attorney #: | 1366 | File #: | 07765.00155 |
| Re: | Roe v. US v. Doe (10-2905, 11-479-CR /US v. Doe (98-CR-1101) | | |

| Recipient | Company | Fax No. | Phone No. |
|---|---|---|---|
| Hon. Brian Cogan | USDC/EDNY | (718) 613-2236 | |

cc:    (via email)  
       Todd Kaminsky  
       Nader Mobargha  
       Frederick M. Oberlander

**[Under Seal, and over Objection, with Request for Public Docketing]**

Dear Judge Cogan:

     As I have already advised Mr. Kaminsky and Mr. Mobargha, Mr. Oberlander will not be representing me at the hearing presently scheduled to commence on March 5th. Rather, Ms. Colleen Friel Middleton of my office will be filing a request to appear as my counsel, pro hac vice. Ms. Middleton was formerly a federal prosecutor in New Jersey. We are in the process of preparing her pro hac vice application, and she is studying the case. So that she may be fully familiar with all of the issues prior to the hearing, we request an adjournment of Monday's

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles  
Louisville • McLean • Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford  
Washington DC • West Palm Beach • White Plains  
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

4950914v.1

Fax to Judge Cogan
March 1, 2012

hearing. I shall continue to represent Mr. Oberlander. Neither Mr. Oberlander nor I view it as a conflict.

We further address our request for a separate docket for these proceedings. Manifestly, Mr. Oberlander are being charged with some unspecified violation of law. As your honor noted, Doe's counsel has failed to identify any decretal language in any order that barred anyone from identifying "Richard Roe" as Mr. Oberlander. And if there were such an order, we would note that Doe's own counsel violated it by identifying "Richard Roe" as the plaintiffs' attorney in the Southern District action before Judge Buchwald, which led ineluctably to the inference that "Richard Roe" and Mr. Oberlander were one and the same.[1] But here we note that, inasmuch as we are being accused of some violation of law, this proceeding is at the very least "quasi-criminal" (See *Boyd v. United States*, 116 U.S. 616 (1886), and full constitutional protections apply, inclusive of Fourth Amendment and Fifth Amendment rights.

We pose the issue, How does maintaining a contempt proceeding (whether civil or criminal) inside a hidden docket, 98-CR-1101, not violate our Sixth Amendment rights to a public proceeding? Our Sixth Amendment rights are vastly superior to the public's First Amendment qualified right of access to court dockets. Without public docketing of the matter under our own docket, the public and the media will be unable to know that there are contempt proceedings filed against two attorneys.

We maintain that prosecuting this contempt proceeding under a hidden docket is the functional equivalent of prosecuting this action in secret. Even if the courtroom doors are open, it is de facto a sealed proceeding. This is essentially a dispute between Mr. Doe and Mr. Oberlander. It does not belong under a caption of "U.S. v. John Doe."

The U.S. Supreme Court stated in *Press-Enterprise Co. v. Superior Court of Cal*, 464 U.S. 50, at 510, (*Press Enterprise I*) and then restated in *Press-Enterprise II*, 478 U.S. 1, at 9-10), as follows:

> "[T]he presumption [that court proceedings are open to the public] may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."

---

[1] We would also note that at the purportedly public hearing on February 27th, Mr. Doe's counsel read aloud from a purportedly "sealed" document that was filed with Judge Glasser. We presume that if Mr. Doe's counsel may read from "sealed" documents during the proceedings before your honor, we shall be permitted to do the same. Frankly, we do not see the basis upon which we could be charged with contempt for allegedly revealing Roe's true identity, when Doe's counsel did exactly that. Nor do we see the basis upon which we could be barred from reciting from "sealed" documents, when Doe's counsel did just that, in public, and was not charged with contempt on the spot.

2

4950914v.1

Fax to Judge Cogan
March 1, 2012

As the court is aware, in *Press-Enterprise II*, the U.S. Supreme Court analyzed the issue in response to an effort to seal preliminary hearings concerning a criminal defendant before a California court. The U.S. Supreme Court began with the recognition of the First Amendment right of access, and then considered various facts that should be taken into account when determining whether there may be closure of a courtroom. Let us just run through them, as they may apply to this matter.

First, there is obviously a tradition of accessibility to contempt proceedings. At least, we can find no reported case that discusses such proceedings being conducted under a secret docket.

Second, we can agree, of course, that public access to contempt proceedings "plays a particularly significant positive role in the actual functioning of the process." *Press-Enterprise II*, 478 U.S. at 11-12. Thus, this court must agree that "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enterprise II*, 478 U.S. at 11-12 (quoting *Richmond Newspapers v. Virginia*, 448 U. S. 555, at 572). As further stated in *Press-Enterprises II*:

> "The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."
>
> *Press-Enterprise II*, 478 U.S. at 13 (quoting *Press-Enterprise I*).

We demand a separate docket, and full openness, with sufficient advance notice to the public of all proceedings, so that fairness may be assured. Indeed, with openness, we would expect that many members of the media and public will come into court, to make known that they figured out on their own that "Richard Roe" and Mr. Oberlander are one and the same. Indeed, Mr. Oberlander has been greeted in the New York courts by attorneys stating, "Hello, Mr. Roe." His identity was made clear by the Second Circuit's June 29th decision.

By separate fax, Mr. Oberlander will notify you that he agrees that there is no conflict, and waives any potential conflict.

As with all of our papers, we file this under seal, but over objection, and request its immediate public docketing.

Very truly yours,
/s/
Richard E. Lerner

3

4950914v.1