Beys, Stein & Mobargha LLP

Nader Mobargha

March 23, 2012

**TO BE FILED UNDER SEAL**

**BY FACIMILE (718) 613-2236 AND BY HAND DELIVERY**

The Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Roe v. Doe, 98 CR 1101 (ILG)**

Dear Judge Cogan:

    On behalf of John Doe, we respectfully submit this letter as a supplement to our application for an Order To Show Cause and to detail further illegal disclosures made by Roe or Lerner, or both, to the press, this time to *The Miami Herald*. Roe or Lerner disclosed Doe's identity in the sealed proceedings in the Eastern District of New York and before the Court of Appeals to two of the newspaper's reporters. Even more egregious, they disclosed a sealed document in a related criminal proceeding, U.S. v. Lauria, 98 CR 1102 (ILG), which refers to Doe by his real name and confirms Doe's cooperation with the government. By disclosing both Doe's identity and the sealed document - both of which are the subject of the Court of Appeals' February 14, 2011 injunction – to *The Miami Herald*, Roe or Lerner, or more likely both, have violated the Court of Appeals' injunction. Consequently, the Court should consider these latest illegal disclosures in determining whether to hold Lerner and Roe in contempt.

**I-**    **Roe or Lerner disclosed Doe's identity to the press**

    On March 8, 2012, two reporters for *The Miami Herald*, Michael Sallah and Dan Christensen, wrote to Chief Judge Amon of the Eastern District of New York, moving "to unseal the docket of the 'John Doe' matter referred to in a certain appellate decision, 10-2905-cr, of the

The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10174
212-387-8200 (Main)
212-387-8229 (Fax)
nmobargha@bsmlegal.net

Second Circuit dated June 29, 2011, viz, EDNY Docket No. 98-CR-1101." *See* Ex. 1, Letter to Chief Judge Carol B. Amon, dated March 8, 2012 (the *Herald* Letter). In that letter, they also moved to unseal the docket of "a Felix Sater." Specifically, they wrote:

> We are reporters for The Miami Herald, and have moved to unseal the docket of the "John Doe" matter referred to in a certain appellate decision, 10-2905-cr, of the Second Circuit dated June 29, 2011, viz, EDNY Docket No. 98-CR-1101...Our investigation has revealed one example of a hidden docket...What we found was a federal racketeering prosecution and conviction by plea of guilty of a "Felix Sater" on or before March 2000 (National Archives) and a press release dated March 2, 2000 (Congressional Record)..."

The *Herald* letter shows that the reporters were clearly aware of Doe's true identity. First, by mentioning the sealed proceedings involving John Doe and a proceeding involving "Felix Sater", John Doe's real name, the reporters have all but admitted that they know that the "John Doe" in the sealed proceedings is, in fact, Felix Sater. Second, their claim that their own investigation revealed these connections and findings is not credible. Roe or Lerner - or most likely both - connected the dots for the reporters and informed them that "John Doe" in the sealed proceedings is in fact Felix Sater. Roe and Lerner most likely accomplished this by first pointing the reporter to the obscure 2000 press release in the Congressional Record, which inadvertently disclosed Doe's conviction and his true identity. Using their non-public information of matters under seal, they then connected this press release to the sealed proceedings in the Eastern District and the Court of Appeals, where the legal placeholder "John Doe" was used. While Your Honor did hold that "information available to the public was not covered by the Second Circuit's Injunction" (*See* May 13, 2011 Order), pointing the reporter to a public document revealing Doe's real identity, while simultaneously, with a wink, referring the reporter to sealed proceedings where the legal placeholder "John Doe" is used, is as good as telling the reporter outright that "John Doe" is "Felix Sater."

## II- Roe and/or Lerner shared a sealed document with the press

In addition to disclosing Doe's identity to *The Miami Herald* reporters, Roe or Lerner gave them a sealed letter – which confirmed Doe's cooperation with the government. On or about March 16, 2012, one of the two writers for *The Miami Herald*, Michael Sallah, contacted Julius Schwarz, a senior executive of Bayrock, one of the primary defendants in Kriss v. Bayrock, 10 Civ. 3959 (S.D.N.Y. Engelmayer, J.), the case which began the instant sealing litigation, for comment. Sallah told Schwarz that he knew that the John Doe referred to in the *New York Times* articles of February 6, 2012 and March 6, 2012, was Felix Sater. This confirmed our suspicion, as discussed above, that Lerner or Roe connected Doe's true identity with the sealed proceedings in the Eastern District and before the Court of Appeals. Sallah also told Schwarz that he possessed a letter addressed from the U.S. Attorney's office, in another related criminal proceeding, U.S. v. Lauria, 98 CR 1102 (ILG), in which Doe's sentence was

Page 3 of 4

delayed or postponed due to Doe's cooperation with the government, and even quoted the letter. The letter is subject to Judge Glasser's sealing order and the Court of Appeals' injunction enjoining the dissemination of sealed information.

By way of background, in 2009 the government moved to unseal the docket in U.S. v. Lauria, 98 CR 1102 (ILG), a co-conspirator of Doe, without realizing that a docketed letter in that case, seeking an adjournment of defendant Lauria's sentence, mentioned Doe by name and directly referenced his cooperation (the "Sealed Letter"). After the government realized this oversight, on December 2, 2010, it requested that Judge Glasser re-seal the letter, which request was granted. Roe and Lerner have repeatedly argued in numerous filings that the Sealed Letter is already public – due to its inadvertent, temporary unsealing – and have sought to disseminate and use it. Notwithstanding Roe and Lerner's arguments – all of which were rejected by the Court of Appeals – the Sealed Letter currently remains under seal, and therefore, is unquestionably subject to the Eastern District of New York and Court of Appeals' sealing orders.

In both Sallah's conversation with Schwarz, and *The Miami Herald's* letter to Judge Amon, Sallah and *The Miami Herald* claim that they obtained the Sealed Letter "from the National Archives." *See, e.g.*, Ex.1, the *Herald* Letter (claiming that they obtained the docket for Salvatore Lauria, 98-cr-1102 from the National Archives). This cannot be true. We contacted the National Archives chapter in New York City and spoke with a custodian of records. He informed us that, while they do have court documents, they only receive them twenty years after the case is closed. Accordingly, the National Archives will not receive any documents concerning Lauria's case until 2029 the earliest, 20 years after Lauria's case is closed. Furthermore, even if the documents from Lauria's case were sent to the National Archives, the National Archives would not make sealed documents available to a reporter. Indeed, Sallah did not obtain the Sealed Letter from the National Archives – Roe or Lerner gave it to him.

Roe and Lerner's dissemination of the Sealed Letter to *The Miami Herald* is the clearest violation of the Court of Appeals' injunction to date. The letter not only mentions Doe by his real name, but it also reveals his cooperation with the Government. *See* Court of Appeals' Order, dated December 20, 2011, at 6 (enjoining the disclosure of docket entries or underlying documents "that reference John Doe's cooperation with the government."). Once again, Roe and Lerner have "knowingly and intentionally flouted a court order." *See* Judge Glasser's Scheduling Order, dated March 23, 2011.

While they see themselves as champions of the First Amendment, Roe and Lerner are nothing more than cheaters who break the law if it does not go in their favor. A true champion of First Amendment principles pleads his case to the courts; he does not try to bypass them by disclosing sealed information to the press in violation of court orders. There was a time when Roe and Lerner sought Your Honor's guidance on whether a particular disclosure to the public would violate the Court of Appeals' injunctions. Now they no longer bother. They just disclose. There is simply no end to their continuous violations of sealing orders, and nothing short of serious sanctions and penalties will stop them. And nothing short of attorney's fees will

compensate John Doe for the harm he has suffered as a result of Roe and Lerner's illegal and contemptuous conduct.

Accordingly, we respectfully ask the Court to allow us to supplement our Order to Show Cause to include these latest illegal disclosures.

Finally, given the nature of this letter, and the discussion of critical facts currently under seal, we respectfully request that this letter be filed under seal.

Respectfully Submitted,

Nader Mobargha
Beys, Stein & Mobargha LLP
*Counsel for John Doe*

Cc: The Honorable I. Leo Glasser

Richard Lerner Esq.
*Counsel for Richard Roe*

The United States Attorney's Office
Todd Kaminsky
Elizabeth Kramer
Evan Norris