Boys, Stein & Mobargha LLP

Nader Mobargha

May 1, 2012

**TO BE FILED UNDER SEAL**



RECEIVED
HON. Brian M. Cogan
MAY 3 2012

**BY FACIMILE (718) 613-2236 AND BY FEDERAL EXPRESS**
The Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   **Roe v. Doe, 98 CR 1101 (ILG)**

Dear Judge Cogan:

    We have received your order, dated April 27, 2012, granting our application to supplement our Order To Show Cause, dated February 10, 2012, and to include Richard Roe and Richard Lerner's alleged disclosures to *The Miami Herald* as part of the civil contempt proceedings, and adjourning the evidentiary hearing scheduled for May 4, 2012, *sine die*.

    In light of the adjournment, we now ask the Court to also consider the alleged disclosures Roe and Lerner made in or about May 2011 to a reporter for *The Daily Beast*, an affiliate of *Newsweek* Magazine (collectively, "*Newsweek*"), which resulted in the publication of the article "Inside Donald Trump's Empire: Why He Won't Run for President" (the "*Newsweek* article"). We discussed these alleged disclosures – and the resulting violations of the Court of Appeals' order – in our letters, dated Mary 17, 2011 and June 15, 2011. Your Honor initially scheduled a hearing on these disclosures, but ultimately cancelled it, stating that "if John Doe or the United States believes that Richard Roe is in contempt of the injunctive order of the Second Circuit, dated February 14, 2011, then either may move before me by Order To Show Cause." *See* Order, dated June 23, 2011.

    Recently, we have followed Your Honor's instructions and moved by Order to Show Cause why Roe and Lerner should not be held in civil contempt for their illegal disclosures to

The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10174
212 387-8200 (Main)
212 387-8229 (Fax)
nmobargha@bsmlegal.net

*The Miami Herald* and *The New York Times*. We would now like to supplement our Order To Show Cause to add the alleged illegal disclosures that Roe and Lerner made in 2011 to the *Newsweek* reporter. If the Court does not believe the pending Order To Show Cause should include these earlier disclosures, then we would like to bring a separate Order To Show Cause to address them.

As they did with *The Miami Herald* and *The New York Times*, Roe and Lerner violated both the Court of Appeals' Summary Order, dated February 14, 2011 (the "February 14th Order") and Your Honor's Order, dated May 13, 2011 ("May 13th Order") in their disclosures to the *Newsweek* reporter. The *Newsweek* article mentions John Doe by name, refers to him as a cooperator, and refers directly to and discloses the content of a sealed complaint in *Kriss et al. v. Bayrock Group, LLC, et al.*, 10 Civ. 3959 (PAE). Like they have done for every article that has been published in the last two years, Roe and Lerner also connected the dots for the reporter by using their knowledge of sealed and confidential information to assist the reporter in drawing inferences he may not have drawn on his own. This is a violation of both the Court of Appeals' February 14th Order and Your Honor's May 13th Order. *See* May 13th Order, at 2 ("[E]xtrapolation from sealed documents would not be permitted because it could easily be combined with and thereby tainted by Roe's knowledge of non-public, sealed information.").

Of course, our Order To Show Cause only concerns Roe and Lerner's illegal disclosure of sealed information *after* February 14, 2011; it does not address their illegal disclosures prior to that date. During a court appearance on April 1, 2011, Your Honor stated that the Court does not have jurisdiction "to remedy or conduct hearings on prior violations until the Circuit resolves the appeal." Your Honor further stated that if we wanted "[Your Honor's] mandate to be expanded, [we] could make a motion to the Circuit to do that and the Circuit will determine how far it thinks best." We are currently writing a letter to the Court of Appeals to request that Your Honor's mandate be broadened to include Roe and Lerner's pre-February 14, 2011 violations of court orders. Alternatively, if the Court of Appeals does not broaden Your Honor's mandate, then we will request the Court of Appeals to confirm that Judge Glasser has jurisdiction to remedy these past illegal disclosures.

In sum, we believe that both Roe and Lerner should be accountable for their two-year pattern of violating court sealing orders and engaging in frivolous motion practice, which has cost Doe hundreds of thousands of dollars in legal fees and endangered Doe and his family's life, as multiple courts have already found.

Respectfully Submitted,

Nader Mobargha
Beys, Stein & Mobargha LLP
*Counsel for John Doe*

Cc: The Honorable I. Leo Glasser

    Coleen Middleton
    *Counsel for Richard Lerner*

    Richard Roe

    The United States Attorney's Office
    Todd Kaminsky
    Elizabeth Kramer