

## II- Roe and Lerner's Intentional Violations of Court Orders

As the Court is aware, this case began in May 2010 when Roe filed a frivolous civil RICO complaint in the Southern District of New York and attached to it Doe's sealed and confidential documents detailing his cooperation with the government. See Kriss v. Bayrock, 10 Civ. 3959 (PAE).[1] Judge Glasser found that Roe knew Doe's documents - which were subject to a sealing order - had been stolen. Indeed, the "converter" himself has corroborated Judge Glasser's findings in an affidavit. By publicly disclosing these documents, Roe "knowingly and intentionally flouted" Judge Glasser's sealing order. Roe's plan, which he has implemented with the assistance of his rogue lawyer, Lerner, has been to systematically and publicly disclose Doe's history and cooperation, which multiple courts now have ordered should remain sealed. By disclosing this information, Roe is trying to force the "deep pocket" defendants in his civil RICO action, such as Nixon Peabody and Akerman Senterfitt (where plaintiff Jody Kriss's own father was a partner and the de facto general counsel of defendant Bayrock, thus adding to the absurdity of the allegations), to the settlement table to the tune of $100,000,000 in order to avoid being associated with Doe's sensational criminal past and cooperation with the government. Roe has made no secret of his plan, admitting this to several of the defendants and their attorneys.[2]

To keep Doe's cooperation confidential and protect Doe both from undue harassment and from the countless violent criminals he helped bring to justice, the Second Circuit Court of Appeals and courts in the Eastern and Southern Districts have issued a series of sealing orders regarding Doe's documents and its contents. For instance, the Second Circuit's February 10, 2011 injunction prohibits "all parties ... from disseminating or distributing in any manner and in any court, proceeding or forum any documents filed in this appeal ... or in the related proceedings in the Eastern and Southern Districts of New York, or the contents thereof, to any member of the public or media except to those persons directly involved in the parties' legal representation ..."

---

[1] In 2009, the Delaware Chancery Court dismissed the virtually identical action by the main Plaintiff against his former employer, finding that it was an employment action barred by an arbitration clause in the employment agreement.

[2] In a letter to Doe's predecessor counsel, Morgan Lewis, on November 9, 2010, Roe wrote: "If you wish Doe's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. The only way to try to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement."

Page 3 of 6

Page 3 of 6

Page 4 of 6

Second, earlier this year, Roe and Lerner started a campaign to disseminate information about Doe through the media, starting with *The New York Times*. As the Court is aware, Roe and Lerner gave an interview with *The New York Times* discussing this case – even posing for a photograph – for an article published on February 6, 2012. In doing so, Roe and Lerner disclosed Roe's true identity and likeness, bringing the public one step closer to knowing Doe's true identity, and continuing to undermine the Second Circuit's injunctions designed to protect Doe. Subsequently, despite this Court's February 27, 2012 referral of Roe and Lerner for criminal contempt, Roe gave an additional interview and made additional statements for a follow-up article in *The New York Times* on March 6, 2012. It is highly likely that Persico, who lives in New York, and others against whom Doe cooperated, read *The New York Times* articles about the case – all according to Roe and Lerner's plan.

Third, during the same time period, Roe and Lerner also disclosed information about this case to *The Miami Herald*, as evidenced by the newspaper's letter to Judge Amon, dated March 8, 2012. As we previously wrote on March 23, 2012, it is clear from the letter that Roe and Lerner illegally provided *The Herald* a sealed letter in U.S. v. Lauria, 98 CR 1102 (ILG), which confirmed Doe and Lauria's cooperation with the government.[4] Based on that letter and other information Roe and Lerner provided to the newspaper, *The Miami Herald* published a series of articles about Doe, his criminal history and cooperation, and about the litigation pending in the courts of this Circuit. The articles were published on March 24, 2012, July 1, 2012, and two days ago on July 31, 2012, each one more revealing than the last.

As detailed in our letter of July 10, 2012, the July 1, 2012 article disclosed Doe's true identity, displayed a half-page photograph of him, referenced the publicly and illegally filed civil RICO complaint filed in the Southern District of New York, directly discussed Doe's cooperation and even discussed the contents of his sealed documents. ("The secret documents – leaked to the lawyers – showed that [Doe] had helped put away dangerous criminals for prosecutors."). Thus, Roe and Lerner's efforts to "out" Doe as a cooperator have worked. Now Doe's name, picture, and detailed information about his cooperation, are publicly available for the world, and "dangerous criminals" like Persico, to see. It is not surprising that Persico – who already could have known through Shargell about Doe's cooperation – has now made threats to kill Doe.

---

[4] As the Court will recall, the government had moved to unseal the entire Lauria file but, upon realizing that it contained a letter referencing Doe's cooperation, moved to reseal the letter, which Judge Glasser granted.



Page 6 of 6

Finally, we are hereby copying Assistant U.S. Attorney Stephen Green, the prosecutor in the United States Attorney's Office for the Northern District of New York, who was assigned to the criminal contempt investigation of Roe and Lerner.

Respectfully Submitted,

Michael P. Beys
Beys, Stein & Mobargha LLP
*Counsel for John Doe*

cc: The Honorable I. Leo Glasser

Coleen Middleton
*Counsel for Richard Lerner*

Richard Roe

The United States Attorney's Office
Todd Kaminsky
Evan Norris
Elizabeth Kramer