1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

RICHARD ROE,                    : 98-CR-01101(BMC)
                                :
                                :
                                :
      -against-                 : United States Courthouse
                                : Brooklyn, New York
                                :
                                :
                                : Monday, March 5, 2012
JOHN DOE,                       : 10:00 a.m.
                                :
         Defendant.             :
                                :

- - - - - - - - - - - - - X


        TRANSCRIPT OF CRIMINAL CAUSE FOR PROCEEDINGS
          BEFORE THE HONORABLE BRIAN M. COGAN
      UNITED STATES UNITED STATES DISTRICT JUDGE



            A P P E A R A N C E S:



For the Government: LORETTA E. LYNCH, ESQ.
                    United States Attorney
                    Eastern District of New York
                       271 Cadman Plaza East
                       Brooklyn, New York 11201
                    BY:  EVAN M. NORRIS, ESQ.
                         LISA KRAMER, ESQ.
                         Assistant United States Attorney




For the Defendant:      BEYS, STEIN & MOBARGHA LLP
John Doe                The Chrysler Building
                        405 Lexington Avenue, 7th Floor
                        New York, New York 10174
                        BY:  MICHAEL P. BEYS, ESQ.
                             JASON BERLAND, ESQ.

Victoria A. Torres Butler, CRR
Official Court Reporter

2

A P P E A R A N C E S:   (Continued)


For Richard Lerner        WILSON, ELSER, MOSKOWITZ & DICKER, LLP
                            3 Gannett Drive
                            White Plains, New York 10604-3407
                            BY:COLEEN FRIEL MIDDLETON, ESQ.


Also Present:             WILSON, ELSER, MOSKOWITZ & DICKER, LLP
                            150 East 42nd Street
                            New York, New York 10017
                            BY:RICHARD E. LERNER, ESQ.


Court Reporter:  Victoria A. Torres Butler, CRR
                 Official Court Reporter
                 Tele: (718) 613-2607
                 E-mail:  VButlerRPR@aol.com
Proceedings recorded by computerized stenography.  Transcript
produced by Computer-aided Transcription.

*Proceedings*                                                    3

1          (In open court.)

2          (Judge BRIAN M. COGAN enters the courtroom at

3   10:07 a.m.)

4          THE COURTROOM DEPUTY:  All rise.

5          THE COURT:  Good morning, be seated, please.

6          THE COURTROOM DEPUTY:  Roe versus Doe, Docket Number

7   98-CR-1198.

8          Counsel, please state your appearances for the

9   record, starting with Government.

10          MR. NORRIS:  For the Government, Evan Norris and

11   Lisa Kramer.

12          THE COURT:  Good morning.

13          MR. NORRIS:  Good morning, Your Honor.

14          MS. KRAMER:  Good morning.

15          MR. BEYS:  For John Doe, Michael Beys and Jason

16   Berland.

17          Good morning, Your Honor.

18          THE COURT:  Good morning.

19          MR. LERNER:  I'm Richard Lerner, I'm still Counsel

20   of record for Mr. Roe.

21          For the purpose of the contempt proceedings, if any

22   contempt proceedings are to proceed, he is seeking separate

23   Counsel.  And so, we will request an adjournment on his behalf

24   so that he may retain separate Counsel for contempt

25   proceedings.

*Proceedings*                                                          4

1          Coleen Middleton is here as my Counsel, and we have

2    submitted a pro hac vice application for her to appear in my

3    behalf.

4          THE COURT:  Okay.  So, Mr. Roe is going to get a

5    separate attorney as well; right?

6          MR. LERNER:  Yes.

7          THE COURT:  Okay.

8          Just give me a timetable on that, Mr. Roe.

9          MR. ROE:  Me?

10         THE COURT:  Yes, how long do you think?

11         MR. ROE:  Two or three weeks.  I mean, that's

12   including getting him up to speed.

13         I'm sorry, I know you want me to stand.  I have a

14   very bad disability.

15         THE COURT:  That's quite all right.

16         Ms. Middleton, let me say this:  The reason I called

17   you in here is only, primarily because I've got some

18   scheduling difficulties.  I thought we should talk about

19   working out a schedule on the contempt motion because I

20   couldn't do exactly what you'd like me to do.

21         Let me start by granting Ms. Middleton's pro hac

22   vice application.

23         Ms. Middleton, I thought I might see Steve Kent in

24   this case at some point, but I am equally happy to see you.

25         MS. MIDDLETON:

*Proceedings*                                                    5

1          THE COURT:  The application is, of course, granted.

2    Pay your $25.00, please.

3          MS. MIDDLETON:  Yes.  I have.

4          THE COURT:  Okay, thank you.

5          MR. ROE:  For the record, I don't mean to interrupt,

6    but I have to withdraw.  The statute, whether you recognize it

7    or not, I notice to withdraw the substitution of Mr. Lerner

8    for last week.

9          THE COURT:  Okay.

10         All right, that actually raises a couple of

11   questions I just wanted to throw out there, primarily for

12   Ms. Middleton's benefit and then, she can perhaps discuss them

13   with Mr. Roe's attorney when he or she comes in.

14         What occurred to me, Ms. Middleton, is to the extent

15   there is a conflict that requires your presence here, I'm not

16   sure it's solved by your presence here.  The reason I say that

17   is that if Mr. Lerner has a conflict in representing Mr. Roe

18   in these proceedings, then that conflict is imputed to the

19   firm.  Every lawyer in that firm, it seems to me -- and I'm

20   not ruling on this, I'm just suggesting it's worth

21   considering -- might have that same conflict.

22         So, for example let's assume that ultimately I

23   decide to impose some substantial sanction for contempt and

24   the question becomes which one of them is going to pay it.

25         MS. MIDDLETON:  Yes.

*Proceedings*                                                          6

1          THE COURT:  You're going to advocate on behalf of

2   Mr. Lerner, presumably, that he should pay not at all or less;

3   and yet, your firm is representing Mr. Roe.

4          MS. MIDDLETON:  We are not, Your Honor.

5          THE COURT:  Oh.

6          MR. LERNER:  Well...

7          (Pause in the proceedings.)

8

9          THE COURT:  Well, your firm is not representing

10  Mr. Roe in this proceeding, but it is Counsel for Mr. Roe in

11  everything that's happening before Judge Glasser.

12          MR. ROE:  That's -- Your Honor, we submit that going

13  forward, that that will not be the case.

14          THE COURT:  Oh.  So you're saying that not just for

15  purposes of this contempt motion --

16          MS. MIDDLETON:  Right.

17          THE COURT:  -- but for all proceedings Mr. Roe is

18  going to have his own lawyer, not Mr. Lerner, in front of

19  Judge Glasser.

20          MS. MIDDLETON:  Before Judge Glasser, you're

21  correct, Your Honor.

22          THE COURT:  Okay.  I thought that's different than

23  what Mr. Lerner just told me, but if that's your position,

24  that's fine.

25          MS. MIDDLETON:  That's the position, Your Honor.

*Proceedings*                                                                    7

1          THE COURT:  Okay.  So that should, I believe,

2    eliminate that concern.

3          Obviously, I'll let Mr. Doe and the Government opine

4    later, and I'm not looking to decide anything today, like I

5    said, I'm just trying to identify potential issues, but that

6    would alleviate the one, I think, that occurred to me.

7          MS. MIDDLETON:  Yes.

8          And we did consider that before the firm asked me to

9    represent Mr. Lerner.

10         THE COURT:  Okay.  That's good.

11         All right.  And then -- yes?

12         MR. NORRIS:  If I could just add, there is a pending

13   application for the Supreme Court, I believe, that the firm

14   has filed, and I don't know if there's a different calculus

15   from Mr. Lerner and Ms. Middleton with respect to representing

16   Roe in that proceeding.

17         I just wanted to bring that to the Court's

18   attention.

19         MR. LERNER:  I think it would be abandonment of the

20   client if I were to leave them in the lurch now.  We have a

21   petition with the U.S. Supreme Court and I cannot abandon my

22   client when we have a petition for a writ of certiorari.

23         THE COURT:  Like I said, I'm not determining

24   anything today.  So, you might have reasons why you want to

25   stay involved.  It seems to me that if Mr. Roe had the new

*Proceedings*                                                        8

1  Counsel who's going to represent him in this Court substitute

2  in on the certiorari petition, that would alleviate that

3  problem as well and you wouldn't be abandoning him if you had

4  a conflict and that's what he wanted to do.

5              MS. MIDDLETON:  Your Honor, we have asked for an

6  extension of time with regard to the petition to the Supreme

7  Court and, as of now, the determination has not been made that

8  the firm will continue to represent Mr. Roe.

9              THE COURT:  So that's an open issue you are thinking

10 about.

11             MS. MIDDLETON:  Yes, Your Honor.

12             MR. ROE:  If I may, I didn't want to mislead the

13 Court.  I didn't mislead the Court.

14             THE COURT:  Mr. Roe, I thought you had a disability

15 where you couldn't stand up.

16             MR. ROE:  It's actually the sitting down part.

17             THE COURT:  Okay.

18             MR. ROE:  I have a -- I'd be happy to show you the

19 scar.

20             THE COURT:  You don't need to show me the scar, I

21 just want you to be comfortable.  You can stand up or sit

22 down, whichever is easiest for you.

23             MR. ROE:  The, I was informed of Mr. Lerner's use

24 of --

25             I'm sorry, your last name.

*Proceedings* 9

1          MS. MIDDLETON:  Ms. Middleton.

2          MR. ROE:  -- Ms. Middleton either last Thursday

3    afternoon or early Friday and Mr. Lerner told me, and I'm not

4    blaming him for any confusion, he told me that it was just for

5    the contempt proceeding.

6          Now, the size and enormity of the stuff before

7    Judge Glasser and the Supreme Court is certainly, in

8    complexity and history, far beyond a contempt proceeding that

9    really, essentially, process hasn't attached yet.  So, I will

10   do my honest best to get another attorney to get in here in

11   two or three weeks, except that it's now being told that I'm

12   going to need to get him up to speed on everything else.

13         Because those hearings in front of Judge -- in other

14   words, what I'm saying is, in good faith, two or three weeks,

15   but if it takes longer, I respectfully ask that if we fax such

16   a request, that nobody's playing games to substitute an

17   attorney for everything, particularly for a cert petition and

18   get all of that substitution done so the contempt can proceed

19   as quickly.  It may not be a two- or three-week matter.  And I

20   didn't mean to mislead you, this is the first I heard that

21   they're requesting to withdraw, so...

22         THE COURT:  Well, do the best you can in terms of

23   getting a new attorney in for whatever scope of the matters

24   that Mr. Lerner is not going to represent you on anymore.

25         Yes, Ms. Middleton.

*Proceedings*                                                                 10

1          MS. MIDDLETON:  Your Honor, I just wanted to note

2    that the reason we have not made the determination and

3    substitution of Counsel is still pending for Mr. Roe is that

4    the petition is intertwined and relates to the underlying

5    proceedings.

6          THE COURT:  Yes, I understand.  I mean, I see the

7    difficulty.

8          All right.  And the only other thing I wanted to ask

9    of you, Ms. Middleton, is that I wanted you -- as I'm sure you

10   will anyway, but I thought I would just ask you expressly --

11   take a close look at the papers that have been submitted to me

12   and to Judge Glasser.

13         MS. MIDDLETON:  Yes.

14         THE COURT:  I'm sure you will give Mr. Lerner

15   appropriate advice about the nature of those kinds of filings

16   to the Court.

17         MS. MIDDLETON:  Yes, Your Honor.  I have carefully

18   reviewed the relevant documents.

19         THE COURT:  Okay.

20         MS. MIDDLETON:  I'm prepared today to address

21   whatever issues the Court and the other parties would like to

22   discuss.

23         THE COURT:  Okay.  Well, this is just a scheduling

24   and issue identification hearing, not a resolution hearing

25   because you haven't had time to get up to speed and Mr. Roe

*Proceedings*                                                          11

1   doesn't have a lawyer yet.

2          And then my last question is, I had suggested last

3   week that this motion that Mr. Doe has brought could, and

4   probably should, more properly be heard as a criminal

5   contempt, not a civil contempt, although I'm treating this one

6   as a civil contempt.  And I suggested, I had actually referred

7   it to the Government for consideration.

8          I have not heard from the Government whether it is

9   still considering that or, since it hasn't filed anything, has

10  reached a determination that it is not going to pursue

11  criminal contempt.

12         MR. NORRIS:  Your Honor, the Government is still

13  internally discussing what to do about the referral.  It has

14  not yet made a decision with respect to the proper

15  disposition.

16         THE COURT:  Okay.  Well, hopefully, you'll do that

17  by the time Mr. Roe gets a lawyer involved and I'll try to

18  schedule that.

19         I will tell you, frankly, if there is going to be a

20  criminal proceeding, then I'm not sure I would proceed with a

21  hearing on the civil proceeding because the criminal

22  proceeding might well be determinative of the civil

23  proceeding.  It might not, but it might.  I'd at least like to

24  know how many pieces there are before I start deciding how to

25  structure them.  So, whenever the Government can reach this

*Proceedings*                                        12

1  conclusion, let me know.

2          And then, of course, there is the possibility that

3  if the Government declines, I may appoint someone as well.

4  But I want to take things in order.

5          My scheduling difficulty is that I start a lengthy

6  trial next week.  I do try that case, however, only Mondays

7  through Thursdays and I generally stop at 4:30.  I'm going to

8  have to give you a 4:30 to avoid this getting out too long.

9  And if we get started and we have to continue on a different

10 date, then we will.  Let's say April 9th, at 4:30.

11         MS. KRAMER:  Your Honor, could we possibly do a

12 different date?  I'm sorry, I'm out of town that day.  Any day

13 the following week is fine.

14         THE COURT:  The following week.

15         MS. KRAMER:  If that's possible.  I'm sorry, Judge.

16         THE COURT:  It's just that we're five weeks out and

17 I don't want to expose these defendants to contempt hanging

18 over their heads any longer than I need to.

19         On the other hand, something may happen with the

20 criminal where that becomes unavoidable anyway.

21         All right.  Let's say April 16th at 4:30.

22         MS. KRAMER:  Thank you, Judge.

23         THE COURT:  Does that work for everybody there?

24         MR. ROE:  May I -- I'm sorry.

25         MS. MIDDLETON:  It does, Your Honor.

*Proceedings*                                               13

 1          THE COURT:  All right.

 2          MS. MIDDLETON:  I would just seek clarification as

 3   to what the Court envisions the next proceeding to cover and

 4   what it will consist of.

 5          THE COURT:  Well, right now the only thing that's on

 6   is the motion for civil contempt.  That may change depending

 7   on what the Government and then I decide to do and obviously,

 8   you'll have notice of that.  If it becomes criminal and that

 9   requires an adjournment, I'm obviously not going to force

10   anybody to a quick criminal trial.

11          Whether the 4:30 hearing on the civil contempt

12   brought by Mr. Doe will be evidentiary or not, I don't know

13   what the proponent has in mind.  Did you intend to call the

14   alleged contemnors as witnesses?

15          MR. BEYS:  At least one of them, yes, Your Honor.

16          THE COURT:  Can you tell us which one, since it's

17   civil?

18          MR. BEYS:  Mr. Roe.

19          THE COURT:  All right.

20          MS. MIDDLETON:  And Your Honor.

21          THE COURT:  Yes.

22          MS. MIDDLETON:  If there's an evidentiary hearing,

23   we'd also like to issue subpoenas and we ask that the case

24   file be unsealed for the purposes of serving meaningful

25   subpoenas and being able to elicit, meaningful testimony.

*Proceedings*                                                              14

1          THE COURT:  Why don't do you this:  Submit the

2   subpoenas that you want to issue to me.

3          MS. MIDDLETON:  Okay.

4          THE COURT:  With copies to your adversaries.

5          MS. MIDDLETON:  Okay.

6          THE COURT:  And then, I'll give the adversaries

7   72 hours to object to them, and then I'll rule on whether I'm

8   going allow their issuance.

9          MS. MIDDLETON:  Thank you.

10         THE COURT:  All right.

11         MR. ROE:  And may I, Your Honor, since given -- if

12  you give me the liberty, I understand it's unusual that I

13  would speak.

14         Their motion technically comes under Rule 83.6.

15  There are a couple of housekeeping rules.

16         THE COURT:  I'm waiving the local rule.

17         MR. ROE:  Well, I'm not asking you to enforce it.

18  I'm asking whether the Court can note that we're -- at least I

19  am -- putting at issue, therefore triggering the procedural

20  rights, the evidentiary -- I guess it's precluded, the point,

21  since we're evidentiary an hearing.

22         THE COURT:  Right.

23         MR. ROE:  I just want to not get lost in the

24  paperwork that we made a special appearance and technically

25  didn't address the merits.

*Proceedings*                                                    15

1          So, is there an objection to filing a merits

2   response?

3          THE COURT:  No, go ahead and file a merits response

4   in the usual fashion for this case.

5          MR. ROE:  And if I may, Your Honor, one other

6   question procedurally for my clarification so I know what kind

7   he have lawyer to get.  If you'll forgive me, I'm confused.

8          Is it the Court's position that the referral to the

9   U.S. Attorney's Office comes under Federal criminal Rule 42?

10         THE COURT:  Yes.

11         MR. ROE:  With respect, that requires, I think,

12  before you make the referral, that there be some definite

13  statement.

14         I understand Your Honor said that undermining court

15  orders is not, per se, a violation that you believe can be a

16  cause of action in criminal contempt.  I merely, just for the

17  record, note that since there was no trial date given, no

18  pre-motion date, no determination, that there is no ticking

19  clock on my Rule 12(b) motions that might be made on the

20  criminal side.

21         THE COURT:  That's absolutely correct, there is no

22  criminal proceeding pending.

23         MR. ROE:  I just wanted to -- thank you.

24         THE COURT:  Okay.

25         Is there anything else?

*Proceedings*                                                    16

1           MS. MIDDLETON:  Your Honor, if we wish to move to

2   dismiss, we'd like a date to do so.

3           THE COURT:  Move to dismiss what?

4           MS. MIDDLETON:  The contempt proceeding entirely.

5           THE COURT:  Well, I don't think you would move to

6   dismiss a contempt proceeding.  You would have your opposition

7   to the contempt proceeding, which might include either

8   jurisdictional or merits grounds.

9           MS. MIDDLETON:  Right.

10          So, it could be a response, only to the motion

11  filed.

12          THE COURT:  It would be a response to the motion,

13  correct.

14          MS. MIDDLETON:  Okay.

15          THE COURT:  And when would you like to do that?

16          MS. MIDDLETON:  One week from today, Your Honor.

17          THE COURT:  That's fine.

18          MR. ROE:  That's what I meant by merits responses,

19  what she just asked for.  I'll join in the date, then.

20          THE COURT:  That's fine.

21          MS. MIDDLETON:  All right.

22          MR. BEYS:  Judge, I would just note for

23  Ms. Middleton's benefit, there has already been one motion to

24  dismiss civil contempt proceedings for lack of jurisdiction

25  and Your Honor found last Monday that Your Honor has

*Proceedings*                                                        17

1    jurisdiction.

2              THE COURT:  Yes, I don't think it is a

3    jurisdictional issue, that's why I denied that motion.

4              Okay, anything else?

5              MR. BEYS:  Only, Your Honor, a housekeeping matter.

6              There was a reference to a filing to the

7    United States Supreme Court.  I handed up my only copy just so

8    Your Honor would have it for purposes of today.

9              If could have it become.

10             THE COURT:  I haven't had a chance to look at it and

11   I don't think I need it today.

12             MR. BEYS:  Okay.

13             THE COURT:  So, I'll give it back to you now.

14             MR. BEYS:  Thank you.

15             MS. MIDDLETON:  Your Honor, we can make copies for

16   the Court.

17             THE COURT:  Do I need it?

18             Let me ask Mr. Beys:  Is it your contention that the

19   filing of that petition was part of the contempt?

20             MR. BEYS:  No, not as of right now.

21             THE COURT:  So, I don't think I need to see it.

22             MS. MIDDLETON:  I don't think that's before the

23   Court, Your Honor.

24             THE COURT:  Okay.

25             MS. MIDDLETON:  One housekeeping as well.

*Proceedings*                                                    18

1          We continue to request that a separate Docket Number

2   be issued here.  Currently, as you know, it is -- the contempt

3   proceedings are being conducted under the 98-CR-1101 caption

4   and Case Number.

5          THE COURT:  No, I know your motion.  I haven't done

6   that yet.  I haven't ruled on that yet.

7          Let me hear from the Government and from Doe as to

8   what their position is as to whether the civil contempt should

9   be opened as a separate matter.

10         MR. NORRIS:  Your Honor, can I just have one moment

11  to confer?

12         THE COURT:  Sure.

13         (Pause in the proceedings.)

14

15         MR. ROE:  If I may, while they're conferring.

16         We received a, quote, letter addendum, unquote, to

17  the initial motion last week.  I'm assuming that you'll grant

18  the request from Mr. Beys that they be allowed to amend the

19  motion.

20         But just for absolute clarity, is that deemed now

21  part of the petition so I know when we're objecting?  He's got

22  eleven new counts of civil contempt in the letter and since it

23  doesn't look anything like -- I just want to know whether

24  those are in the case or not.

25         He wrote a letter to Your Honor saying here's a

*Proceedings*                                                     19

1    letter, reasons to hold him in contempt.  Is that going to be

2    deemed formally a part of the motion?  I mean, I need to know

3    to know how to object.

4              THE COURT:  Yes.

5              MR. ROE:  Okay.

6              THE COURT:  Okay, anything else?

7              MR. NORRIS:  With respect to the question Your Honor

8    just raised.

9              THE COURT:  Yes.

10             MR. NORRIS:  I think given that given that our civil

11   contempt arises out of the criminal case, our view is that the

12   98-CR-1101 docket is sufficient and should be maintained for

13   these proceedings, especially in light of the actions that

14   have given rise to the civil contempt.

15             THE COURT:  Ms. Middleton, what does anybody gain by

16   opening yet another Docket Number, other than the district

17   statistics improve by an additional filing?

18             MS. MIDDLETON:  Well, Your Honor, first it is a

19   civil matter.  It is called Doe v. Roe.  And so, that

20   indicates a civil matter not a criminal caption.

21             In addition, these are open proceedings, unlike the

22   98-CR-1101, which is filed under seal.

23             THE COURT:  I see.  So, you want the separate

24   proceeding established because it's your assumption that

25   everything that happens in it will be public?

*Proceedings*                                                    20

1        MS. MIDDLETON:  Well, my understanding, Your Honor,

2  for example, the hearing on Monday of last week and the

3  transcript that resulted were not sealed.  And so, everything

4  in the case file for 98-CR-1101 is sealed.

5        MR. ROE:  If I may add to her remarks.

6        On the issue of criminal contempt, I'm virtually

7  certain that the Supreme Court in the case of -- I know we're

8  not there yet.

9        THE COURT:  We're not there.  Don't talk to me about

10  criminal contempt.  We have no criminal contempt in front of

11  us.

12        MR. ROE:  All right.

13        On the issue of civil contempt we are requesting

14  that the docket be made separate simply because first, in

15  In Re:  Rosado, I believe cite mid-86, give or take a year,

16  the Second Circuit ruled that even in civil contempt

17  proceedings Sixth Amendment rights attach, and a

18  Sixth Amendment right would be meaningless if the public can't

19  find anything that's going on.

20        THE COURT:  Okay, well, that's wrong.  That's just

21  wrong.  The Sixth Amendment right has to do with your right to

22  representation; more specifically, setting a schedule here so

23  you can get representation.

24        There may be other rights that are at issue, but the

25  Sixth Amendment right is going to be fully protected.

*Proceedings*                                           21

1          Yes, Mr. Beys?

2          MR. BEYS:  Judge, on behalf of John Doe, we take no

3   position on whether or not to have a separate Docket Number.

4          But it seems to me that it would defeat the whole

5   purpose of the Second Circuit's injunctions to have an open

6   case, an unsealed case, for these contempt proceedings.

7          THE COURT:  Well, we might open a case called

8   Roe v. Doe, and then we might selectively seal anything filed

9   in that case that would run foul of Judge Glasser's

10  injunctions or the Second Circuit's injunctions.

11         We might do that.  I want to think about that some

12  more.

13         MR. BEYS:  Very well, thank you.

14         MR. ROE:  And frankly, I concur.

15         But the only point I think to make -- and I don't

16  think I'll have anything after this, honestly -- is that you

17  are presiding over a contempt motion predicated on an alleged

18  violation of an order of the Second Circuit and without regard

19  to revisiting the issue of primary subject matter

20  jurisdiction, which you've already ruled on, we're not charged

21  with violating any order of Judge Glasser.  We're charged with

22  violating an order of the Second Circuit.

23         It seems to offend the concept of accurate docketing

24  that we're docketed in a case where that may be how we got on

25  appeal, but nobody's accusing us of violating a order of Judge

*Proceedings* 22

1   Glasser in this proceeding.

2           THE COURT:  I have your point.  I'll take it under
3   advisement.

4           MR. ROE:  Thank you.

5           MS. MIDDLETON:  Your Honor, I would also point out
6   that proceedings are, by default, supposed to be open to the
7   public.

8           THE COURT:  Absolutely.

9           MS. MIDDLETON:  And especially contempt proceedings,
10  per the case law, are supposed to be open.

11          THE COURT:  Right.  I recognize that there is a
12  balancing test and the initial starting point is openness.

13          MS. MIDDLETON:  Yes.

14          THE COURT:  And there's got to be -- I don't think
15  the cases use this phrase, but I think it's fair to say -- a
16  darn good reason for having them open.

17          MS. MIDDLETON:  Yes.

18          THE COURT:  I understand is that.

19          MS. MIDDLETON:  So, that's another reason we seek a
20  separate docket.

21          THE COURT:  Okay.  But it's not going to be much
22  different.  We're going to look at each thing that is filed
23  and said, if we did open a different docket, and say:  Does
24  the public disclosure of this information undermine the
25  Second Circuit or Judge Glasser's injunctions?

*Proceedings*                                                    23

1          And if it does, then that's probably going to be

2   good cause for sealing until Judge Glasser and the

3   Second Circuit sealing orders are vacated.

4          MR. ROE:  We understand that, but that's what is

5   currently required and that's something that's been absent

6   from any process to date, with all respect.  I'm not aware

7   that anybody's every individually examined anything.

8          THE COURT:  There may be things that you're not

9   aware of and that, nevertheless, The Circuit is aware of.

10         All right, thank you very much.  I will see you all

11  in a few weeks.

12         ALL:  Thank you, Judge.

13

14         (WHEREUPON, the proceedings were adjourned to

15  April 16th, 2012, at 4:30 p.m.)

16

17                          *   *   *

18

19

20

21

22

23

24

25