

**LAW OFFICE OF FREDERICK M. OBERLANDER**

**FREDERICK M. OBERLANDER**
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

August 29, 2012

Hon. Brian Cogan
United States District Judge
United States District Court
Eastern District of New York

**REQUEST FOR ENLARGMENT OF TIME**
**ECF FILING**

Dear Judge Engelmayer:

Pursuant to FRCP 6(b)(1)(A), for good cause I request a "precautionary" enlargement of time through and including September 14, 2012 in which to move for relief from this court's August 16, 2012 order granting Wilson Elser leave to permissively withdraw. FRCP and caselaw provide that such a request, when made before expiration of the current time period, may be by letter, not motion.

Such authority also provides that the request may be made *ex parte,* without notice, but I am following your honor's local rules and providing ECF notice. <u>In addition, Wilson Elser has consented to this request</u>.

There is no express provision in FRCP for a motion to reconsider, which is deemed either a motion made pursuant to FRCP 59 or 60. Rule 60 has a "reasonable time" requirement, and Rule 59 a 28-day limit, with a late Rule 59 request automatically converted to a Rule 60 request.

However, Local Rule 6.3 provides:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion

which unfortunately leaves ambiguous the period applicable here, 14, 28, or a reasonable number of days.

Consequently, in an abundance of caution and for the avoidance of problem, I request the court so order or otherwise provide that such motion will be due on or before September 14, 2012. No previous enlargement has been requested and as I said Wilson Elser has agreed.

There is good cause. Wilson Elser was appointed to represent me by an insurance carrier, who now must provide replacement counsel for them unless Wilson Elser reappears. Meanwhile they remain counsel in these same matters in a host of other courts, including the United States Supreme Court. Indeed, the Supreme Court has refused to allow Wilson Elser to withdraw because their request, as was the request made before your honor, was not signed by Richard Lerner, attorney of record, who ethically and legally is the only one who can move to withdraw there *or in this court*. See Local Civil Rule 1.4.

One of the grounds for relief stated will be that the court has committed concomitant error, in that Richard Lerner did *not* move to withdraw and in fact *does* reasonably believe he can continue to represent me, and it was error to deem him to have so moved when he did not and then to have imputed subjective inability to him. With the assistance of ethics counsel Mr. Lerner is preparing an affidavit to that effect, that he never consented, never believed there was a conflict or that if there was he could not work effectively in spite of it without compromise, and will so testify.

But that is for the merits of the request. Procedurally, because the insurer must participate in obtaining new counsel for some or all of the representation, or in joining the motion for relief, or in having new counsel make such motion for me so I do not have to proceed *pro se*, and I have been unable to get that process underway sufficiently because of the seasonal vacation absence of key persons, including coverage counsel, I must have sufficient time.

Wilson Elser is interested in doing this right as as well, as their position now is precarious in that I remain a current client and thus they require my written consent to continue to represent Mr. Lerner in a matter *they* have insisted they believe makes our interests adverse. See Rule of Professional Conduct 1.7(a)(4). (In fact they would need my written consent even if I were to become a former client. See Rule 1.9(a)).

In other words, whether they may continue to represent Mr. Lerner is now subject to my consent, and that has to be worked out, ideally amicably with them, as any consent to the joint representation your order allowed them to permissively withdraw from has been vitiated and in any event consent may always be withdrawn as of right at any time.

For all these reasons, I request the court so-order that in the interest of clarity my request for relief shall be due on or before September 14, 2012. As I am unfamiliar with your practice, whether your honor endorses or issues proposed orders, I attach such a proposed order.

Thank you.

Yours, etc.

Frederick M. Oberlander