LAW OFFICE OF FREDERICK M. OBERLANDER P.C.

**FREDERICK M. OBERLANDER**  
ATTORNEY-AT-LAW

Fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

May 24, 2013

Hon. Brian M. Cogan  
Eastern District of New York  
Cadman Plaza  
Brooklyn, New York

**Immediate Unsealing Requested**  
Letter Motion to Strike and for Other Relief  
In re ECF document 92 in 12-MC-557  
Order to Show Cause in re FRCP 11 and Contempt

Dear Judge Cogan:

With their submission through signed papers, including a sworn affidavit, supporting and constituting an order to show cause requesting Rule 11 sanctions <u>and</u> civil contempt, counsel for Mr. Sater have obviously triggered Article III process for relief.

We consider those papers frivolous (and undoubtedly perjurious, see *infra*). They are also fatally improper. This letter seeks guidance to prevent concomitant complications with our imminent Rule 11 motion in respect of and response to them.

**<u>The Rule 11 Motion Is Void</u>**

A Rule 11 motion must stand alone. It cannot be combined with any other motion. This is non-waivable. And it cannot be presented to court until it has first been <u>served</u>, as set forth in FRCP 5, and 21 days have passed without the respondent's withdrawal of the offending papers[1]. No such service or provision of notice of motion has ever occurred. Accordingly, the court cannot consider the Rule 11 requests, which must therefore be stricken. *We request the court order it so*.

---

[1] FRCP 11(c)(2) provides [Emph. added]

> (2) *A motion for sanctions must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b). *The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets*. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

1

**That Eliminates an "Implied" Cross Motion**
**And so Requires Our Formal Rule 11 Practice**

While it is indisputable that a frivolous Rule 11 motion is itself sanctionable under Rule 11, normally a cross-motion under Rule 11 for such is not necessary because Rule 11 provides for attorney's fees to the "prevailing party." Fn. 1. In short, all Rule 11 motions have "implied" cross-motions embedded within them. Had counsel's Rule 11 motion been properly presented to the court after being first properly served on us, we would expect fees paid upon prevailing, but here that cannot be as the Rule 11 aspect of the motion isn't properly before the court, so that aspect of it must fail, and the "implied" cross-motion pass out of existence until made explicit.

That leaves only the "contempt" aspects, equally frivolous, before the court. So, moving for sanctions on that account *will* require our formal Rule 11 practice. As noted, Rule 11 requires that we serve notice of motion on counsel for Mr. Sater and then wait 21 days, or within another time the court sets, Fn. 1, before presenting the motion to court.

Accordingly, given the posture of the offending papers as an order to show cause, we ask the court issue the proposed scheduling order, Exhibit B (ECF "2") which will set the time limits the court wishes to apply, leaving blanks for the court to enter dates.[2].

The court should note Mr. Sater is not without alternative remedy and fora. For example, he was served with the Gottdiener complaint on April 26, 2013, and counsel has already asked for and received an extension of time to answer and has yesterday asked for yet another extension of time. That alone should be strongly indicative that the complaint is not frivolous, for otherwise he would not require so much time to answer or otherwise move, including for Rule 11 sanctions unless withdrawn, which he has not done. But, more importantly, *counsel has already requested – albeit improperly, by letter not motion – the same relief from Judge Schofield as counsel is requesting from you – albeit improperly, see next – so can hardly complaint of inconvenience.*

In putting this forth, we do not admit the contempt aspects are properly before the court. Because of the holiday weekend and last minute filing by counsel last night, we will follow up in somewhat more detail next week, but without limitation we object that the affidavit is no such thing, it is largely legal argument, but even if accepted it still fails to state necessary elements, including any actual damages or other harm.

---

[2] Please note that Mr. Lerner will be travelling in Europe and Asia from June 21st through July 13th, and respectfully requests that such scheduling order take such into account.

2

Accordingly, we renew all prior objections, including that service must be made in the same manner as service by summons, and this is non-waivable, and we do not waive it anyway, and cannot accept initiation of contempt proceedings by email.

**Report of Perjury and Request for *Sua Sponte* Relief**

But frivolousness is a legal issue. We here address a factual issue and concomitantly allege perjury against Mr. Sater's counsel. As the court is aware, Local Rule 83.6 requires affidavit pleading in motions for civil contempt, and it is now clear why.

The affidavit submitted contains these sworn statements, presented as bit-level screen captures of the actual pdf image as ECF files this morning, taken from pages 1 and 2:

> 3. I respectfully submit this affidavit with the attached exhibits, in addition to the enclosed proposed Amended Order To Show Cause, in support of Doe's Amended Order To Show Cause why Frederick M. Oberlander ("Oberlander") and Richard E. Lerner ("Lerner") should not be held in civil contempt of the Court of Appeals' Final Order, dated December 20, 2011 (the "Order"), for filing two new frivolous actions within the last two months: Namely, the (i) <u>Estate of Ernest Gottdiener et al. v. Felix Sater and Salvatore Lauria</u>, 13 Civ. 1824 (the "March Action") and (ii) <u>Kriss et al. v. Bayrock Group LLC, et al.</u>, 651715/2013 (the "May Action").
>
> (*See* Ex. 1, Summons and Notice of May Action; *see also* Ex. 2, April 18, 2013 Letter to the Court ("April 25th Letter") (discussing and attaching March Action).[1]
>
> ---
> [1] Although our April 25th Letter was a supplement to our previous Order To Show Cause, dated February 10, 2012, I am incorporating the contents of that letter in this affidavit for the Court's consideration for our latest Order To Show Cause, which specifically concerns Oberlander and Lerner's filings of frivolous lawsuits which lack merit and have no purpose except to intimidate, harass, and extort Doe and for publicity's sake.

Accordingly, counsel expressly incorporated the contents of the "April 25th letter" into his affidavit, and thus swore to their accuracy and truth. That letter, in turn, contains, allegations of frivolousness in the Gottdiener complaint, including this excerpt:

3

>    Second, although Oberlander and Lerner name Lauria and Sater as Defendants in the Complaint, their Complaint barely alleges a single relevant factual allegation against them. Indeed, the entire complaint concerns the alleged misdeeds of Alfred Palagonia ("Palagonia")and Blair. Palagonia was a "registered representative" of Blair, which in turn was a "registered broker dealer of securities." (*Id.* at ¶¶ 33 & 34) The Gottdieners opened their account with Blair. (*Id.* at ¶ 35). The Complaint alleges that (i) the "Gottdieners sustained [trading] losses of $2,100,000" (ii) [commission] losses of $5,000,000; and (iii) "$800,000 in legal fees and expenses" – all "as a result of *Palagonia's* unlawful conduct and participation in the conduct of one or more of the racketeering enterprises set forth herein." (*Id.* at ¶¶ 75-77) While the Complaint alleges that Doe and Lauria worked for White Rock and that White Rock were "co-fraudfeasors" with Palagonia in a "fraudulent scheme to manipulate the price" (*Id.,* at ¶ 60) of two securities, there is no allegation that the Gottdieners opened an account with or were customers of White Rock, or ever spoke to or met either Lauria or Sater. The remaining allegations concerning Sater and Lauria are background smear meant for the eyes of the media. Finally, underscoring the frivolousness of the Complaint is the glaring fact that all the allegations concern Palagonia and Blair, but Palagonia and Blair are not named as defendants. Only Doe and Lauria are, even though barely any factual allegations concern them.

The Gottdiener complaint, attached hereto as Exhibit A (ECF Exhibit 1), is 535 pages long. Over 100 of those pages consist of allegations against Mr. Sater and Mr. Lauria. As charged in detail in the informations Lauria and Sater pled to, each of them participated in the operation and management of a scheme in common with others, an association in fact enterprise engaged in securities fraud and money laundering. The same, though even more detailed, allegations are contained in the indictment in the related case *U.S. v. Coppa*, in which Mr. Sater and Mr. Lauria are called "unindicted co-conspirators."

Page 9 of the Gottdiener complaint provides:

> 29. Both **SATER** and **LAURIA** pled guilty in 1998 to federal racketeering charges based on informations attached to this complaint, Exhs. E, F. **SATER** was sentenced on October 23, 2009, **LAURIA** on February 25, 2004. Exhs. G, H. Neither appealed. Their convictions final, they are preclusively estopped to deny the allegations in their charging instruments (and other consistent statements as made during their plea hearings in compliance with Fed. R. Crim. P. 11). (And final judgments are admissible to prove all facts essential to sustain them. FRE §803(22).)
>
> 30. The contents of their charging instruments, without limitation to the extent matters of preclusive estoppel, are deemed incorporated herein as allegations as if fully set forth herein.
>
> 31. The contents of the indictment in *U.S. v. Coppa* et al., 00-CR-0196 EDNY (Glasser, J.) are deemed incorporated herein as allegations as if fully set forth herein. Exh. I.

4

*The complaint expressly incorporates the contents of those informations as allegations, as if set forth exactly in the complaint, and attaches them as Exhibits, and does the same as to the Coppa indictment. That is well in excess of 100 pages of allegations as to Sater, Lauria, and their role in, and the operation of, the racketeering complained of.*

We believe counsels' false and intentionally distortive misstatements rise to the level of perjury and request they be dealt with accordingly, at a minimum by striking with prejudice every pleading or other request for relief, certainly at a minimum all those involving the Gottdiener complaint or requesting any form of anti-suit injunction.

The court might also note that as a matter of New York law counsels' misstatements in the April 25th letter, even unsworn, were (and are) clearly intended to mislead, and thus fraudulent or deceitful, and whether or not their scheme to defraud or deceive worked; that is, without regard to the fact that we weren't deceived and neither was this court, they bought themselves a lawsuit pursuant to N.Y. Jud. Law §487, which criminalizes exactly this kind of deceit and affords state law civil remedies therefor as well.

/s/ Frederick M. Oberlander
/s/ Richard E. LernerEnclosures.

cc: (With enclosures)

Honorable I. Leo Glasser
Honorable Lorna Schofield

Todd Kaminsky  (via ECF)
Beys Stein Mobargha (Via ECF)

5