UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE MOTION FOR CIVIL CONTEMPT
BY JOHN DOE

Case No. 12 mc 557 (BMC)

FILED UNDER SEAL

---

ORDER TO SHOW CAUSE FOR
FINDING OF CONTEMPT AND RELATED ORDERS

Defendant John Doe[1], by his attorneys Moses & Singer LLP, and Beys Liston Mobargha & Berland LLP, having moved this Court for the relief set forth below,

**NOW**, upon the annexed Declaration of Robert S. Wolf, dated March 19, 2015, and its attached exhibits, it is hereby:

**ORDERED**, that Richard Roe[2], and Richard Lerner ("Lerner", and collectively, "Defendants"), both attorneys, shall show cause before the Honorable Brian M. Cogan, United States District Judge, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 8D, on _____, 2015 at _____, or as soon thereafter as counsel may be heard, why they should not be held in civil contempt pursuant to 18 U.S.C. § 401, for the following misconduct:

1. In February 2011, in knowing and willful violation of the orders of the United States Court of Appeals for the Second Circuit, dated February 10, 2011 (the "February 10th Order") and February 14, 2011 (the "Summary Order"), Defendants provided sealed documents and information concerning Sater's cooperation with the United States Department of Justice, including Sater's Cooperation Agreement, to Gerald Shargel, Esq., attorney for Daniel Persico,

---

[1] As "John Doe", through the acts of contempt described herein, is now publicly known to be Felix Sater, he is hereinafter referred to as "Felix Sater" or "Sater".

against whom Sater and co-defendant Salvatore Lauria ("Lauria") provided information in connection with *United States v. Coppa, et al.*, 00 CR 196 (ILG). Defendants provided this information to Shargel with intent to jeopardize Sater and Lauria's safety and physical well-being.

2. In February 2012, in knowing and willful violation of the Summary Order, Defendants disclosed sealed information, including the true identity of Frederick Oberlander, to *The New York Times*.

3. In February 2012, in knowing and willful violation of the Summary Order, the February 10th Order, and Your Honor's May 13, 2011 Order (the "May 13th Order"), Defendants disclosed a press release that confirmed Sater's conviction and revealed his identity to *The New York Times*.

4. In March 2012, in knowing and willful violation of the Summary Order, the May 13th Order, and the Court of Appeals' December 20, 2011 Order (the "December 20th Order"), Defendants disclosed Sater's identity and disseminated sealed documents, including documents filed under seal with the United States Supreme Court, to *The Miami Herald*.

5. In June 2012, in knowing and willful violation of the Summary Order and December 20th Order, Defendants provided information from sealed documents and information regarding Sater's cooperation with the United States Department of Justice to *The Miami Herald*, in connection with an article titled "Trump Tower Promoter's Criminal Record was Concealed by Feds".

6. In May 2011, in knowing and willful violation of the Summary Order and the May 13th Order, Defendants disclosed Sater's identity and content from the sealed complaint in *Kriss*

---

[2] As "Richard Roe", through the acts of contempt described herein, is now publicly known to be Frederick Oberlander, Esq., he is hereinafter referred to as "Frederick Oberlander" or "Oberlander".

*et al. v. Bayrock Group, LLC, et al.,* 10 Civ. 3959 (PAE) ("*Kriss I*") to *The Daily Beast*, a *Newsweek* affiliate.

7.  On May 10, 2012, in knowing and willful violation of the February 10th Order and Summary Order, Defendants filed a motion with the United States Supreme Court to order the docketing and public availability of their petition for a writ of certiorari, in redacted form.

8.  On July 9, 2012, Defendants publicly filed a "redacted" petition with the United States Supreme Court, and circulated the petition to various media publications, in knowing and willful violation of the February 10th Order and Summary Order.

9.  In August 2012, in knowing and willful violation of the Summary Order, Defendants made statements to *The New York Law Journal* and *WiseLawNY* wherein Oberlander refers to Sater by his true name and discusses sealed information about Sater's underlying criminal case, including information regarding Sater's conviction, cooperation and sentence.

10. On September 21, 2012, Defendants intentionally filed public documents in the unsealed matter identified under Docket No. 12 MC 150 (ILG), which concerned issues solely related to the sealed proceedings before this Court under Docket No. 12 MC 557 (BMC).

11. In January 2015, Defendants provided the sealed Complaint from *Kriss, et al., v. Bayrock Group, LLC et al.*, 13 Civ. 3905 (LGS) (FM) ("*Kriss II*"), and made statements regarding sealed information concerning Sater's conviction, cooperation and sentence, to a reporter for *The Washington Times*, in knowing and willful violation of the sealing order in that case and the Summary Order.

12. In January 2015, Defendants disclosed Sater's identity and content from the sealed complaints in *Kriss I* and *Kriss II* to *The National Review*, in knowing and willful violation of the sealing orders in those cases and the Summary Order.

13. On January 28, 2015, Defendants published an article in the online edition of *The Hill* entitled "Questions for Loretta Lynch on Secret Dockets," wherein Defendants refer to Sater by his true name and discuss sealed information concerning his conviction, cooperation and sentence, in knowing and willful violation of the Summary Order.

AND IT IS FURTHER:

**ORDERED**, that Messrs. Oberlander and Lerner shall show cause at the above hearing why this matter should not be referred for criminal prosecution;

**ORDERED,** that Messrs. Oberlander and Lerner shall show cause why an order should not issue imposing: (i) leave-to-file restrictions and requirements of notice to other federal courts pursuant to the Court of Appeals' Order, prohibiting them from filing any further actions without the consent of this Court; (ii) leave-to-file restrictions and requirements of notice to other state courts, prohibiting them from filing any further state actions against Sater; and (iii) monetary sanctions against Oberlander and Lerner under Federal Rule of Civil Procedure 11, including an order requiring them to pay Sater's attorney's fees and costs that Sater has incurred, or will incur, as a result of this action;

**ORDERED**, that personal service of a copy of this Order and the annexed declaration with exhibits upon Oberlander and Lerner on or before _____, 2015, shall be deemed good and sufficient service thereof;

**ORDERED**, that a copy of all papers shall be served on the United States Attorney's Office for the Eastern District of New York in contemplation of a referral for investigation of criminal contempt charges against Oberlander and Lerner;

**ORDERED**, that opposition papers, if any, shall be delivered by Federal Express overnight service to counsel for Sater and by hand, on or before _____, 2015, and that

Sater's reply papers, if any, shall be served on Oberlander and Lerner by no later than 5:00 PM (with a copy to chambers) on the day before the return date provided by this Order; and

**ORDERED**, that all papers related to the instant motion are hereby sealed.

Dated: New York, New York
       March 19, 2015

                                                                                                                       _____
                                                                                                                           U.S.D.J.