UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

                                                            12-mc-557 (BMC)

In Re Motion for Civil Contempt by Felix Sater


-----------------------------------------------------------------X


**Pro Se Respondent Richard E. Lerner's Memorandum of Law
in Opposition to Petitioner Felix Sater's Motion for Contempt**


                                        Richard E. Lerner
                                        1375 Broadway, 3rd Floor
                                        New York, New York 10018
                                        (917) 584-4864


June 23, 2015

I submit this memorandum in opposition to movant Felix Sater's motion, brought by order to show cause, which seeks an order holding me in civil contempt pursuant to 18 U.S.C. § 401, an order referring me for criminal prosecution, placing restrictions on my right to file law suits in any federal or state court, and imposing monetary sanctions pursuant to FRCP 11. In all respects, I join in the arguments set forth in the opposition papers submitted in behalf of co-respondent Frederick Oberlander, and adopt them as my own. Since the motion seeks a criminal referral, I also will not submit any sworn declaration in opposition, as such could be deemed a waiver of testimonial privilege. Therefore, I only submit this memorandum of law, unsworn; it is not evidentiary, only argument.

## PROCEDURAL AND THRESHOLD MATTERS

On April 1, 2015, at the secret, *ex parte* request of counsel for Movant, this Court signed, but did not docket (at least not publicly) an Order to Show Cause directing Respondents to show why they should not be held in civil contempt and referred for prosecution for criminal contempt.

Service was made, though it was defective because it failed to include a copy of Local Rule 83.6, required when serving a *pro se* respondent. LR 83.6. Though not waiving objection to service, Respondent received an extension of time to file opposing papers until June 23, 2015 and now respectfully submits this Memorandum of Law in opposition to the motion by Felix Sater to (a) hold Respondent in civil contempt, (b) have this Court refer Respondent for criminal prosecution, (c) restrict Respondent's right to file any legal proceeding in Federal or State Court without leave of this Court and (d) impose monetary sanctions on Respondent pursuant to Fed. R. Civ. Pro. 11.

Until and unless issues of testimonial waiver are resolved Respondent *pro se* disclaims that anything herein is intended to be his testimony as opposed to legal argument.

SUMMARY

Five years after Respondents and their clients rightfully exposed Movant Sater's admitted use of the concealment of his racketeering conviction to perpetrate hundreds of millions of dollars of bank fraud and other predicate crimes at the expense of their clients and others, and four years after Sater in retaliation first demanded the imposition of severe contempt sanctions against them for daring to put a stop to his ongoing frauds, Sater again takes – and fails – yet another opportunity given him to properly specify any factual or legal basis for continuing to hold Respondents in unconscionable reputational captivity by his repeated unsubstantiated claims of contempt..

Sater should have been able to properly specify grounds – if any existed – in March 2011, when he first asked this court by letter, disregarding the rules of procedure, to hold them in contempt, and failed. He should have succeed in May 2011 when he tried the same thing, and failed again. He should have been able to properly specify grounds in February 2012 when he next asked this court, this time by an improperly unverified Order to Show Cause, violating Local Rule 83.6, and again throughout 2013 when he continued to send unverified letters asking to "augment" his earlier charges. He should have been able to properly specify grounds in April 2013, when he tried to hold them in contempt for filing a racketeering suit against him in behalf of victims of his 1990s organized crime activities and failed yet again, this time squarely on the merits.

They should have been able, but failed, to obtain a criminal prosecution, notwithstanding the fatally flawed process this Court initiated in respect of that, all the more so given the three year investigation conducted by the government and their countless communications with the AUSA handling the matter beseeching him to prosecute – had there been any grounds.

But no grounds existed, and no grounds ever have. And so now, in a last desperate attempt to keep the Court from finally disposing of these unfounded charges, Sater has brought

3

yet another Order to Show Cause based on demonstrably baseless, unverified, and sanctionably corrupt charges, in so doing asking the Court to ignore precedent and disregard the Constitution.

The Court should decline his invitation.

**Argument**

**Point I:        Movant Failed to Serve a Copy of Rule 83.6 With the Order to Show Cause. It Must be Dismissed.**

The court may take judicial notice that there is no affidavit of service of the order to show cause filed on the docket. As this is a contempt proceeding, Local Rule 83.6 had to be complied with by the movant. With respect to service, it provides: (emphasis added)

> "Where the alleged contemnor has appeared in the action by an attorney, the notice of motion or order to show cause and the papers upon which it is based may be served upon said attorney; otherwise service shall be made personally, **together with a copy of this Local Civil Rule 83.6,** in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons."

The court should therefore take judicial notice that there is nothing on the docket to indicate that I was served with a copy of Local Rule 83.6 when the order to show cause was served. Therefore, this court is constrained to dismiss it, and nothing more needs to be said.

**Point II:        All Documents Filed Must be Unsealed, Since the Movant Failed to Make the Requisite Showings Supportive of Sealing. In any Event, we Do Not Have Secret Trials in this Country, and I Cannot be Ordered to Participate in a Secret Trial.**

Docket entry 43, of September 5, 2012, put the parties on notice that to maintain any documents under seal, the requirements for sealing, such as are set forth in Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d Cir. 2004), must be complied with. There is no showing in the motion papers why sealing is required. Surely, the movant cannot believe that it is necessary to maintain under seal documents that are available to the public. The movant has not tried to meet his burden of persuasion. These proceedings must be unsealed forthwith.

**Conclusion**

Accordingly, and for the further reasons set forth in the opposition papers submitted in behalf of co-respondent Frederick M. Oberlander, movant Felix Sater's motion must be denied, and there must be an award of costs in my favor, as the prevailing party, pursuant to Rule 83.6, and all papers filed herein must be unsealed forthwith.

Dated: New York, New York
      June 23, 2015

_____
          Richard E. Lerner