UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE MOTION FOR CIVIL
CONTEMPT BY JOHN DOE

Case No. 12 mc 557 (BMC)

REPLY IN OPPOSITION TO
RESPONDENTS' AMENDED
OBJECTIONS

This memorandum is submitted on behalf of Movant Felix Sater ("Mr. Sater" a/k/a "John Doe") in reply to the amended objections of Respondents Frederick Oberlander ("Oberlander") (ECF No. 157) and Richard Lerner ("Lerner") (ECF No. 158).

## ARGUMENT

I. **Oberlander's contention that he did not represent Jody Kriss before Judge Glasser and the Second Circuit is without merit and fatally undermined by the record, especially the *Pro Se* Brief.**

Oberlander contends that he "did not represent Kriss in any of the proceedings before Judge Glasser, the United States Court of Appeals for the Second Circuit or this Court." (ECF 157 at 2) (emphasis in original). This contention is a strategic ploy and completely without merit.

The attorney-client relationship between Oberlander and Kriss was the basis for the Order to Show Cause that brought them to this forum to begin with. The only reason Oberlander now claims he did not represent Kriss before Judge Glasser and the Second Circuit, is so that he can plausibly claim that the Orders with regard to the PSR do not apply to Kriss. For over five years, Oberlander has used this excuse as an end-around to keep a copy of the PSR "in-house." Indeed, it was not until Kriss terminated Oberlander last May that Kriss finally returned his copy of the PSR to Mr. Sater. The Court should not be fooled by Oberlander's attempt to distance himself from Kriss. Their attorney-client relationship is the only reason they are before this Court to begin with. That relationship was not magically severed by the East River.

More critically, Oberlander's argument is fatally undermined by the May 16, 2011 *Pro Se*

1

Brief. Exhibit A. The *Pro Se* Brief was submitted (i) by Oberlander, (ii) on behalf of Kriss, (iii) to the Second Circuit. The cover page of the *Pro Se* Brief states that it was submitted by "The Law Office of F.M. Oberlander." Oberlander e-mailed the *Pro Se* Brief to opposing counsel on the day he filed it. Exhibit B.[1] Moreover, Jody Kriss claims, by sworn affidavit submitted to this Court, that he did "not write" the *Pro Se* Brief, nor ask anyone to file it on his behalf, "including Frederick M. Oberlander." Exhibit C. Clearly, Oberlander was acting as Kriss's attorney when he submitted the *Pro Se* Brief on Kriss's behalf to the Second Circuit. Even in the *Pro Se* Brief itself, Oberlander continually refers to himself without qualification as Kriss's "attorney." Written from the standpoint of Kriss, the *Pro Se* Brief states:

> The government replies that perhaps I may be permitted to speak, but only myself, without the help of my attorney, who must be forbidden from speaking precisely because he is an attorney, and who apparently should not have told even me.

Exhibit A at p. 4.

> I understand my attorney has submitted extensive briefing on the First Amendment and other issues, and I adopt all legal arguments he has made therein as if fully set forth herein as my own.

Id.

> I say that I have the First Amendment right to speak through counsel of my choice, and to hear what he would tell me, and I know that even privileged communications may be revealed to prevent ongoing crime, and what Bernstein gave my attorney was hardly privileged.

Id.

The Second Circuit undoubtedly considered Oberlander to be Kriss's attorney. The very caption of the case lists Jane Doe (Kriss) and John Doe II (Michael Ejekam), as "clients of Richard Roe." Exhibit D. Moreover, throughout the body of the initial February 14, 2011 Mandate and subsequent December 20, 2011 Mandate, the Second Circuit refers Oberlander, Kriss and Ejekam

---

[1] The single attachment sent by Oberlander to opposing counsel was a document that included "pro se" briefs of both Jane Doe (Kriss) (Exhibit A p. 2-5) and John Doe II (Ejekam) (Id. p. 6).

as "Roe and his clients" (Exhibit E at 2); "Roe and his counsel and clients" (Id.); "Roe, an attorney, and two of his clients" (Exhibit D at 2); and "Roe and his clients" (Id. at 3). Further, the Second Circuit based its December 20, 2011 Mandate, in part, on the *Pro Se* Brief. To claim that Kriss was not "represented" by Oberlander is to elevate of form over substance.

Oberlander has represented Kriss in two Southern District cases and a Delaware case involving the same underlying facts as the Eastern District proceeding. He has submitted a brief on Kriss's behalf to the Second Circuit Court of Appeals. He has, along with Lerner, defended Kriss in a state court case against one of Mr. Sater's co-cooperators. The fact is, through at least five separate litigations in state and federal court, Oberlander, Kriss, and Lerner have become inextricably intertwined. Oberlander can't now have it both ways. He cannot claim on one hand that he did not "represent" Kriss before Judge Glasser and the Second Circuit, and on the other hand object to a subpoena *duces tecum* for communications with Kriss regarding Judge Glasser's Orders, on the basis of attorney-client privilege. The fact that he is not the attorney of record for Kriss in the Eastern District is a distinction without a difference.

Oberlander has a long history of playing shell games with the Court with regard to whom, exactly, he represents. Here, Oberlander may not *want* to be viewed as Kriss's attorney for wily strategic reasons, but that does not make it so.

## II. Lerner's argument that this Court lacks jurisdiction is both frivolous and further proof that he disseminated Mr. Sater's sealed information to the public.

Lerner claims that this Court lacks subject matter jurisdiction to hear contempt allegations based upon violations of a 2011 injunction *pendente lite* of the Second Circuit, as that injunction was "extinguished" by the Second Circuit Mandate of December 20, 2011. This argument is patently frivolous. The December 20, 2011 Mandate explicitly states that "Judge Cogan shall retain jurisdiction for the limited purpose of enforcing our February 14, 2011 mandate—that is, to ensure the parties' compliance with the orders of this Court and any that have been, or may hereafter be,

entered by Judge Glasser." Exhibit D at 3.

There can be no question as to what is really going on here: Respondents have taken the position that the Second Circuit's Order against dissemination expired on December 20, 2011. That is exactly why, in January of 2012, they gave themselves the green light to shop Mr. Sater's sealed, sensitive documents to various news outlets. Indeed, within months of their self-styled "expiration" of the Second Circuit Order, Lerner and Oberlander had provided Mr. Sater's sealed and confidential information to numerous newspapers, including the *Miami Herald* and *New York Times*, successfully outing Mr. Sater as a government cooperator in the process. Lerner even foreshadowed to Judge Glasser, in a letter submitted two days after the December 20, 2011 Mandate, that "Mr. Sater's documents "can't be kept 'sealed' any longer." Exhibit F.

Lerner's hastily-crafted legal lifeboats sink under the weight of multiple Second Circuit Orders granting and confirming this Court's jurisdiction. Moreover, his egregiously flawed legal interpretation of the December 20, 2011 Second Circuit Mandate serves as proof of why, beginning in January 2012, Respondents intensified their extortion campaign against Mr. Sater.

## CONCLUSION

As evidenced by the foregoing, Respondents' renewed and amended objections are unsupported by the record. Mr. Sater looks forward to the evidentiary hearing on April 19, 2016.

Dated: March 4, 2016
New York, New York                               MOSES & SINGER LLP

                                                                                       /S/
                                                          Robert S. Wolf, Esq.
                                                          405 Lexington Avenue
                                                          New York, New York 10174
                                                          212-554-7825 (telephone)
                                                          212-554-7700 (facsimile)
                                                          *Attorney for Felix Sater*

4