

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*100 South Clinton Street, P.O. Box 7198*      Tel.: (315) 448-0672
*James M. Hanley Federal Building*                Fax: (315) 448-0658
*Syracuse, New York 13261-7198*

April 25, 2016

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    In Re Motion for Civil Contempt by John Doe
                Miscellaneous Docket No. 12-mc-557 (BMC)

Dear Judge Cogan:

The government respectfully submits this response to the Court's March 3, 2016 order to show cause why documents in the above-referenced action should not be unsealed and made available to the public. Specifically, this letter from the United States Attorney's Office for the Northern District of New York ("USAO-NDNY") is intended to supplement the April 25, 2016 letter to Your Honor from the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY") in this matter, and pertains solely to documents related to the criminal referrals to USAO-NDNY.

In USAO-EDNY's above-referenced letter to the Court, it identifies a small subset of documents (Docket Nos. 39, 49, 50, 76, 78, 84, 85, and 87) that pertain to the Court's initial criminal contempt referral and, for identified reasons, takes no position on the unsealing of those documents. Some of those documents (Dkt. Nos. 49, 50) were generated by USAO-EDNY. The others were generated by this Office. A number of them were filed under seal, as they concerned internal Department of Justice information related to the initial criminal contempt referral (Dkt. Nos. 49, 50). The others are status reports to the Court regarding that referral to this Office. Those documents were prepared in response to orders of the Court, and shared information with the Court on the status of the initial criminal referral.

Because of the nature and content of the above-referenced limited subset of documents, we believe they were properly handled when initially filed. So filed, they served to protect, and continue to serve to protect, where appropriate, important and countervailing interests outweighing public disclosure. *See United States v. Doe*, 63 F.3d

Honorable Brian M. Cogan
April 25, 2016
Page 2

121, 128-30 (2d Cir. 1995); *United States v. Strevell*, No. 05-CR-477, 2009 WL 577910 at *4 (N.D.N.Y. March 4, 2009).  *See also United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).  The Court's subsequent criminal referral continues and adds to those interests.

Accordingly, for the reasons set forth above, we respectfully request that the Court maintain the current status of Docket Nos. 39, 49, 50, 76, 78, 84, 85, and 87 as now exists on the docket in 12-mc-557 (BMC).  Should the Court believe that more specific information is required to support continued sealing, we would be pleased to provide that information in a supplemental, *ex parte* sealed filing.

Very truly yours,

RICHARD S. HARTUNIAN
United States Attorney

/s/
By:   Stephen C. Green
Assistant U.S. Attorney