IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

IN RE MOTION FOR CIVIL CONTEMPT
BY JOHN DOE

**TO BE FILED UNDER SEAL**

12-mc-0557 (BMC)

_____

**SEALED ORDER**

The Court hereby makes the following findings of fact with regard to the government's application to continue sealing Docket Nos. 39, 76, 78, 84, 85, and 87 in this matter:

1. The substance of each of the documents identified as Docket Nos. 39, 76, 78, 84, 85, and 87 does not deal with evidence on a matter at issue in the civil contempt litigation.

2. The information set forth in each of the documents identified as Docket Nos. 39, 76, 78, 84, 85, and 87 is not of the type that would be relied on by any party in the civil contempt proceeding.

3. Docket Nos. 39, 76, 78, 84, 85, and 87 could not be offered or admitted as evidence in the civil contempt matter now before the Court.

4. Docket Nos. 39, 76, 78, 84, 85, and 87 do not contain information "necessary to understand the merits" of the civil contempt matter now before the Court.

5. Docket Nos. 39, 76, 78, 84, 85, and 87 are not "derived from or a necessary corollary of the capacity to attend" a proceeding in the pending civil contempt matter.

6. The information set forth in each of the documents identified as Docket Nos. 39, 76, 78, 84, 85, and 87 is not of the type that would "assist the public in understanding the issues before the [Court], and in evaluating the fairness and integrity of the [C]ourt's proceedings in the civil contempt matter."

7. The information set forth in each of the documents identified as Docket Nos. 39, 76, 78, 84, 85, and 87 is not of the type that would be relied upon by the Court in determining the substantive rights of any party in the civil contempt matter, or that would aid the public in monitoring the Court's determination of those rights.

8.  Information in the each of the documents would have USAO-NDNY revealing, or the Court directly confirming, the existence of a previously unconfirmed criminal investigation by USAO-NDNY involving the parties in the civil contempt matter.

9.  Release to the public of the information in the documents could interfere with the integrity of an open and ongoing criminal investigation, and possibly interfere with the rights of parties in the civil contempt matter to a fair criminal trial if the investigation leads to the filing of criminal charges.

10. Release to the public of the information in the documents would result in additional media attention and publicity for Doe.

11. None of the documents for which USAO-NDNY requests continued sealing is of a type "usually filed with the court" or "generally available" to the public in court proceedings.


Based on these findings of fact, the arguments set forth in the government's Letter-Brief, dated May 5, 2016 (Docket No. __), and the government's *ex parte*, sealed Statement, dated May 5, 2016 (Docket No. ___),

IT IS HEREBY ORDERED that the Government's application is GRANTED and the following documents are to remain under seal in this matter:

Docket Nos. 39, 76, 78, 84, 85, and 87;


Dated: May ____, 2016

_____
The Honorable Brian M. Cogan
United States District Judge