

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

―――――――――――――――――――――――――――――――――――――

*100 South Clinton Street, P.O. Box 7198*   *Tel.: (315) 448-0672*
*James M. Hanley Federal Building*   *Fax: (315) 448-0658*
*Syracuse, New York 13261-7198*

May 5, 2016

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    In Re Motion for Civil Contempt by John Doe
>         Miscellaneous Docket No. 12-mc-557 (BMC)

Dear Judge Cogan:

The United States Attorney's Office for the Northern District of New York ("USAO-NDNY") respectfully submits this Letter-Brief in response to the Court's Order, dated April 26, 2016, that NDNY file a brief setting forth in greater detail information in support of its position on the status of certain documents now under seal in this matter.  As stated in the USAO-NDNY's prior letter to the Court, dated April 25, 2016, our response here supplements the response of the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY") in this matter (Dkt. No. 167).  Accordingly, we address only a small subset of the documents under review by the Court for possible unsealing – Docket Nos. 39, 76, 78, 84, 85, and 87 – relating to the Court's prior criminal referrals.

<u>The Government's Position Regarding Continued Sealing</u>

1. Docket. Nos. 49 and 50

After reviewing USAO-EDNY's April 25, 2016 letter, we no longer seek continued sealing of Docket. Nos. 49 and 50.

2. Docket Nos. 76, 78, 84, 85, and 87.

These documents each concern the Court's criminal referral, are not "judicial documents" because they contain no evidentiary information, and could not be used in support of or opposition to a motion or determination of the substantive rights of a party in this matter. Even if these documents are "judicial documents," privacy and law enforcement interests constitute higher values outweighing any common law or First Amendment right of access and justify continued sealing.  Redaction is not appropriate here because the documents in their entirety implicate these interests.

The Honorable Brian M. Cogan
May 5, 2016
Page 2

     3.  Docket No. 39

This Order relates to the Court's criminal referral, but in that context addresses only an administrative function of providing access to certain documents then maintained on the docket. The document reveals information relating to the Court's criminal referral – information not previously revealed publicly. We believe that this document, too, is not a judicial document, and that even if it were, significant and real law enforcement interests outweigh its public disclosure and warrant its continued sealing.

<u>Legal Argument</u>

"[T]o decide whether the First Amendment right applies to judicial documents implicated in civil contempt proceedings – as opposed to the proceedings themselves—courts must engage in a case-specific inquiry to determine whether those documents are 'derived from or [are] a necessary corollary of the capacity to attend' the proceedings." *Newsday LLC v. County of Nassau*, 730 F.3d 156 (2d Cir. 2013) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 100, 120 (2d Cir. 2006)). "Only those documents necessary to understand the merits of a civil contempt proceeding are covered by the First Amendment's presumptive right of access." *Id.* at 164. The documents at issue here are not "necessary to understand the merits of" the civil contempt proceeding, and there is therefore no First Amendment right of access.[1]

Even if the Court were to conclude that the documents at issue here are judicial documents, the "First Amendment right creates only a *presumptive* right of access," which can be "overcome by 'specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" *Id.* (quoting *Lugosch*, 435 F.3d at 124). Addressing the balancing of public access with "countervailing factors that outweigh public interests," courts in this Circuit and elsewhere have recognized that:

> [S]ome * * * interests are routinely accepted as higher values and countervailing factors, including: the protection of law enforcement techniques and procedures;

---

[1] The common law right of access analysis is different: "[i]n contrast to the First Amendment right, the common law right attaches with different weight depending on two factors: (a) 'the role of the material at issue in the exercise of Article III judicial power' and (b) 'the resultant value of such information to those monitoring the federal courts." *Newsday*, 730 F.3d at 165 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). "In addition to the weight afforded to the presumptive right of access, the common law right is balanced against countervailing interests favoring secrecy." *Id.* Here, the documents at issues have no role in the court's exercise of its Article III judicial powers in the civil contempt proceeding and the information has no value to those monitoring the fairness and integrity of that proceeding.

The Honorable Brian M. Cogan
May 5, 2016
Page 3

> the protection of the confidentiality of sources; the safety of witnesses and police
> officers; the privacy, and reputation interests of those involved in an investigation,
> including victims, witnesses and potential targets; [and] the protection of ongoing
> investigations * * *[,] the protection of grand jury secrecy[,] and * * * national
> security.

*United States v. Wright,* 2012 WL 2930181, at *2 (E.D.N.Y. July 16, 2012), quoting *United States v. Strevell*, 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009) (citations omitted). *See also United States v. Aref,* 533 F.3d 72 (2d Cir. 2008); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120; *Amodeo II,* 71 F.3d at 1050. In other contexts, courts have also recognized as compelling interests the right to a fair trial and protecting the integrity of significant government activities, such as law enforcement investigations. *See e.g., United States v. Doe,* 63 F.3d 121, 128 (2d Cir. 1995) (citations omitted).

The Second Circuit has also recognized "the law enforcement privilege as an interest worthy of protection." *United States v. Amodeo,* 44 F.3d 141, 147 (2d Cir. 1995) ("*Amodeo I*"). That privilege "is designed 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation,'" *Id.* (quoting *In Re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988). Relatedly, the Second Circuit has also found that "preservation of grand jury secrecy and the sensitivity of an ongoing criminal investigation" are also "higher values" that can justify sealing. *United States v. Haller,* 837 F.2d 84, 88 (2d Cir. 1988); *see also United States v. Hirsch,* 2007 WL 1810703 (E.D. Pa. 2007) ("integrity of an *ongoing* criminal investigation" is "[o]ne of [the]rare interests" that is "a clearly defined important interest" sufficient to seal court documents" (emphasis in original). The reasons for these protections are obvious: "[i]f matters relating to grand jury proceedings became public, prospective witnesses maybe deterred from testifying, those who do testify may be less likely to do so truthfully, targets of investigations may flee, and persons who are the subject of an ultimately meritless investigation may face public embarrassment." *Haller* at 88. Indeed, the policy reasons for protection of ongoing investigations are so well established that the Sentencing Guidelines contemplate circumstances where a court "may elect to provide its reasons [for a substantial assistance departure] to the defendant *in camera* and in writing under seal for the safety of the defendant or *to avoid disclosure of an ongoing investigation*." U.S.S.G. § 5K1.1 *Comt. Bkgd.* (emphasis added).

In *Newsday LLC v. County of Nassau*, 730 F.3d 156 (2d Cir. 2013), the court addressed a request to unseal a previously undisclosed internal affairs report documenting a police department's criminal investigation, whose subject related to a civil contempt proceeding. Finding that the substance of the criminal investigation report was not at issue or relied upon in the contempt proceeding, and that the report had not been entered into evidence, the court found that the report was not a judicial document and should remain sealed. In determining that the internal investigation report at issue in *Newsday* should remain sealed, the court stated:

> We focus rather on the use of that was made, and that the parties could reasonably
> have been expected to make, of the Report in connection with the contempt
> proceeding, in order to determine whether access to the Report would materially

The Honorable Brian M. Cogan
May 5, 2016
Page 4

assist the public in understanding the issues before the district court, and in evaluating the fairness and integrity of the court's proceedings. Our examination of the record leads inexorably to the conclusion that the substance of the full Report was not significantly relied upon or at issue in the contempt proceeding. Significantly, the Report did not need to be, and was not, entered into evidence, nor did the court rely on any portion of the Report that was not testified about in open court.

*Newsday,* 730 F.3d at 167.

The Second Circuit in *Amodeo II* also addressed this issue, identifying there a "continuum" of weight that could be applied, "largely derived from the role those documents played in determining litigants' substantive rights – conduct at the heart of Article III – and from the need for public monitoring of that conduct." *Id.* As the *Amodeo II* court noted, tradition may aid that determination. Where the documents at issue are in the middle of that continuum, and of a type "usually filed with the court and are generally available, the presumption is stronger than where the filing with the court is unusual or is generally under seal." *Id.* at 1050. "Once the weight of the presumption is determined, a court must balance competing considerations against it." *Id.*

Here, countervailing interests justify continued sealing.

Conclusion

We respectfully submit that review of Docket Nos. 39, 76, 78, 84, 85, and 87, and the Government's Sealed Ex Parte Statement submitted herewith, show that the docketed submissions are not judicial documents and that there is therefore no First Amendment presumptive right of access, but even if they are judicial documents, then countervailing interests justify sealing. There is also no common law right of access because the documents at issue "would not materially assist the public in understanding the issues before the Court or in evaluating the fairness and integrity of the Court's proceedings." Neither are these documents of the type "usually filed with the court" nor "generally available." We respectfully submit that review also makes clear that the higher values and countervailing factors of protecting the integrity of law enforcement investigations and prosecutions, and fairness to individuals involved in such investigations, justify the continued sealing of the above-referenced documents.

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney

By:     /s/ *Stephen C. Green*
Stephen C. Green
Assistant U. S. Attorney