

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert S. Wolf
Direct: 212.554.7825  Fax: 917.206.7784
rwolf@mosessinger.com

May 6, 2016

**VIA ECF**

Hon. Brian M. Cogan
United States District Court Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:  *In Re Motion for Civil Contempt by John Doe*, 12 Misc. 557 (BMC)

Dear Judge Cogan,

      We represent movant Felix Sater ("Mr. Sater") in the above-captioned matter and write to set forth his position with regard to the unsealing of the documents in this case.

      For the reasons set forth below and in the letters submitted by the United States Attorney's Offices for the Eastern and Northern Districts of New York ("USAO-EDNY" and "USAO-NDNY") (Dkt. No. 166, 167, 171 and 173), Mr. Sater adopts the Government's position as to all documents. More specifically, Mr. Sater agrees with the Government's articulated position as to each of the documents delineated in the Revised Attachment of USAO-EDNY (Dkt. 171) and proposed Order of USAO-NDNY (Dkt. 173-1), which for the sake of brevity are incorporated by reference.

      In addition, Mr. Sater requests that Document No. 97-10[1], a sealed Second Circuit transcript and one of the documents the Government has indicated it cannot open on PACER, remain sealed. The Government has requested that same transcript remain under seal, as it is the same as Documents No. 1-3 and 112-11. The same continued sealing should apply to Document 97-5, a letter which contains details of Mr. Sater's cooperation, which is exactly the same letter as Document No. 23, the latter of which the Government has indicated should remain sealed. Like the Government, Mr. Sater has no objection to the unsealing of the vast majority of the documents in this case.

---

[1] The Government (USAO-EDNY) indicates that Document No. 97 is not available to them, and therefore they have not reviewed it and do not take a position with regard to its unsealing. However, Document 97-10, a sealed Second Circuit transcript, and Document 97-5, a letter discussing the details of Mr. Sater's cooperation, appear elsewhere on the Docket (*See* 1-3, 112-11 (transcript); 23 (letter)), and in those instances the Government has requested that they remain sealed



Hon. Brian M. Cogan
May 6, 2016

The basis for the continued sealing of documents concerning Mr. Sater's Government cooperation is Mr. Sater's safety and wellbeing. *See* In re Applications to Unseal 98 CR 1101 (ILG), United States v. John Doe 98-cr-1101, No. 13-2373-cv, Dkt. 161-1 at 3 (2d Cir. June 5, 2014). Disclosure of documents concerning the details of Mr. Sater's cooperation with the Government, including his presentence investigation report ("PSR") and its contents, would represent "a substantial probability of prejudice to a compelling interest of the defendant government or third party," such as the integrity of law enforcement investigations, danger to Mr. Sater, national security concerns and privacy interests. United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); *see also* United States v. Aref, 533 F.3d 72, 83-83 (2d Cir. 2008); United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995). As the Second Circuit has observed, the details of Mr. Sater's Government cooperation, as contained in his PSR and other documents referencing his cooperation, are "of dubious utility [] except as a tool to intimidate and harass [Mr. Sater] by subjecting him to danger." Roe v. United States, 428 Fed. App'x 60, 2011 WL 2559016, at *7 (2d Cir. June 29, 2011) (mandate issued 12/20/2011); *also citing* United States v. Charmer Industries, Inc. 711 F.2d. 1164, 1175 (2d Cir. 1983).

Judge Glasser's sealing Orders of March 3, 2013 and March 14, 2013 have been challenged before. By Order dated June 5, 2014, the Second Circuit upheld Judge Glasser's sealing orders in their entirety. *See* In re Applications to Unseal 98 CR 1101 (ILG), No. 13-2373-cv, Dkt. 161-1 (2d Cir. June 5, 2014). In its summary affirmance, the Second Circuit held:

> Judge Glasser's sealed order lays out the District Court's basis for ongoing sealing—generally, safety of persons or property; integrity of government investigation and law enforcement interests; and protection of cooperator's anonymity…
>
> Here, the District Court laid out each document that was to remain sealed in a series of tables and noted for each the basis for continued sealing. Where possible, it limited the sealing to redactions on certain pages. We have reviewed the District Court's sealed order. Given the extent and gravity of Sater's cooperation, we conclude that these findings are sufficient.

Id. at 3.

Additionally, with regard to the PSR, Judge Glasser cited United States v. Charmer Industries, Inc. 711 F.2d. 1164, 1175 (2d Cir. 1983) for the proposition that, absent a compelling demonstration that disclosure is required to meet the ends of justice, disclosure should not be authorized. In particular, Judge Glasser found "**that the PSR, information sourced from the PSR, and the details of the cooperation agreement must remain sealed.**" March 3, 2016 Order at 3 (Dkt. No. 162) (emphasis added). Judge Glasser set forth specific findings supporting his reasoning for the ongoing sealing of the PSR and documents that disclose the contents of the PSR, namely, the safety of Mr. Sater and integrity of law enforcement investigations. Previously,



Hon. Brian M. Cogan
May 6, 2016

Judge Glasser had permanently enjoined public dissemination of the PSR, a ruling which was later affirmed by the Second Circuit Court of Appeals in Roe v. United States, 428 Fed. App'x 60, 2011 WL 2559016 (2d Cir. June 29, 2011) (mandate issued 12/20/2011).

As this Court has already ruled, "Judge Glasser's decision as to which filings should be unsealed in 98-cr-1101 shall determine which filings should be unsealed in 12-mc-557." October 18, 2012 Order.  Judge Glasser has *repeatedly* precluded disclosure of Mr. Sater's PSR and its contents, as well as the details of Sater's cooperation with the Government, all of which have been affirmed by the Second Circuit. *See* In re Applications to Unseal 98 CR 1101 (ILG), United States v. John Doe 98-cr-1101, No. 13-2373-cv, Dkt. 161-1at 3 (2d Cir. June 5, 2014); Roe v. United States, 428 Fed. App'x 60, 2011 WL 2559016 (2d Cir. June 29, 2011); March 3, 2016 Order at 3 (Dkt. No. 162).  Neither the Associated Press nor Mr. Vodicka can demonstrate that the disclosure of such information is required to meet the ends of justice.  Accordingly, Mr. Sater joins in the position of the Government that "the Court should apply the same analysis contained in Judge Glasser's 2013 orders." As such, the following documents should remain sealed or be redacted:

| **DOC No.** | **Seal/Redact** | **Reason** |
|---|---|---|
| 1-3 | Seal | Sealed by Court of Appeals |
| 7 | Redact p. 2-4 | Discusses Cooperation and Sealed Court of Appeals Proceedings |
| 7-2 | Seal | Sealed by Court of Appeals |
| 21-2 | Seal | Sealed by Court of Appeals |
| 23 | Seal | Discusses Cooperation |
| 24 | Seal | Discusses Cooperation |
| 25 | Seal | Discusses Cooperation |
| 26 | Seal | Discusses Cooperation |
| 47 | Redact p. 1-17 | Discusses Cooperation and Sealed Court of Appeals Proceedings |
| 69 | Redact p. 20-21 | Discusses Cooperation and Sealed Court of Appeals Proceedings |
| 91-1 | Seal | Sealed Order by Judge Glasser and Discusses Cooperation |
| 91-5 | Seal | Discusses Cooperation, Sealed in Related Case |



Hon. Brian M. Cogan
May 6, 2016

| 97-5 | Seal | Discusses Cooperation |
| 97-10 | Seal | Sealed by Court of Appeals |
| 112-1 | Redact | Contains PSR, Details of Cooperation |
| 112-10 | Seal | Sealed by Court of Appeals |
| 112-11 | Seal | Sealed by Court of Appeals |
| 146-1 | Seal | Sealed by Court of Appeals |
| 146-5 | Seal | Discusses PSR |
| 153 | Redact p. 6-16 | Sealed Judge Glasser Order |
| 160-1 | Seal | Sealed by Court of Appeals |

    Finally, we view Brian Vodicka's separate Motion to Unseal as nothing more than a charade being played on the Court. Mr. Vodicka is a nominee for Respondents Oberlander and Lerner, ostensibly used to make a court filing as a purported "independent interested third party," which would otherwise be seen as yet another bizarre rambling diatribe by Oberlander or Lerner. This has been done repeatedly in these and other related proceedings.

    The Court's attention and consideration is greatly appreciated.

Respectfully,

/S/

Robert S. Wolf