

1899 L Street, NW
Suite 200
Washington, DC 20036
(202) 508-1100 | Phone
(202) 861-9888 | Fax

Jay W. Brown
(202) 508--1136
jbrown@lskslaw.com

May 17, 2016

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 1201

> **Re:**   *In Re Motion for Civil Contempt by John Doe*, 12-mc-557 (BMC)

Dear Judge Cogan:

I represent the Associated Press ("AP") in the captioned matter.  I write in response to this Court's Minute Entry and Order dated May 11, 2016 and subsequent Minute Entry and Order dated May 12, 2016 (the "Orders") concerning the unsealing of multiple documents of record in this case, the placement of those unsealed documents on the corresponding public docket (16-mc-706), and the continued sealing of certain other documents.  The AP thanks the Court for its careful attention to the matter of unsealing, and writes only to raise three discrete points regarding documents the Court has determined should remain under seal.

First, it does not appear that Document No. 76 has been entered on the docket in either 12-mc-557 or 16-mc-706.  As no docket entry for this document is apparent, the AP cannot assess whether it wishes to raise additional arguments as to its unsealing.  The AP respectfully requests that a docket entry be added for this filing.  Further, it appears that several docket entries previously viewable on the dockets are no longer viewable.  The AP asks that the docket entries be returned to the docket.  *See* Doc. Nos. 84, 85, 87, 153.  Further, one document is viewable on 12-mc-557, but is not viewable on 16-mc-706.  *See* Doc. No. 142.

Second, the AP understands that the Orders maintain under seal not only Mr. Sater's Pre-Sentence Report ("PSR"), but also documents that reference portions of that report.  While the Second Circuit has made clear that PSRs typically remain confidential for a variety of compelling reasons, *United States v. Charmer Industries, Inc.*, 711 F.2d 1164 (2d Cir. 1983), a wholly different analysis applies when *portions* of a PSR are used *by a party* to *persuade a Court* to act in a particular manner, such as in the context of sentencing memoranda.  *See United States v. Munir*, 953 F. Supp. 2d 470, 478 (E.D.N.Y. 2013) (where defendant's sentencing submission included memorandum with excerpts from PSR, court observed that "[i]nterests in maintaining



Hon. Brian M. Cogan
May 17, 2016
Page 2

the confidentiality of the presentence report and privacy of innocent third parties are compelling
…. [b]ut wholesale suppression of those documents cannot overcome the press's and public's
strong interest in monitoring sentencing decisions").  Similarly, in *United States v. Huntley*, the
court released information about ongoing criminal investigations that identified the previously
anonymous officials the defendant had taped while acting as a government cooperator in an
attempt to reduce her sentence.  943 F. Supp. 2d 383, 384 (E.D.N.Y. 2013).  The Court held that
even though such information was sensitive, it should be released because it comprised an
important component of sentencing papers that implicate a core function of the judicial branch.
*Id.* at 385 ("Particularly important is transparency in our judicial branch.  Its power depends
upon the people's confidence.  That confidence is founded on the fact that the material judges
rely on for decision is available to the public—decisions by which judges' work is judged.").
While the court was, of course, cognizant of the effect such release might have on ongoing
investigations, it also observed that "[t]he sense of fairness by the American public and
assumption of innocence before conviction provides considerable insurance against the dangers
of unsealing." *Id.* at 387.  In light of the substantial amount of information that has already been
made public, the AP respectfully requests that all documents that reference portions of the PSR
for the purpose of persuading the Court to act be released to the public.  To the extent that any
particularly sensitive information is contained in those references, it should be redacted, and the
documents otherwise unsealed.

Third, and finally, the AP notes that certain documents that remain sealed by this Court
do not, by virtue of their docket entry, yield much information as to why they are the proper
subject of sealing.  *See, e.g.* Doc. No. 87 ("Letter Requesting an Extension of Time by U.S.A.").[1]
The AP requests that the Court make available a more detailed explanation of the reason sealing
is justified as to that document.

The AP again thanks the Court for its time and consideration.

Respectfully,

LEVINE SULLIVAN KOCH & SCHULZ, LLP


By: _____/s/_____
Jay Ward Brown

cc:  Counsel of Record via ECF

---

[1] Please note that Doc. No. 87 was listed on the docket at the time of the May 10, 2016 hearing.
It appears to have been removed.