**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE CIVIL CONTEMPT** | 12-MC-557<br>**Motion to Stay Civil Contempt Proceedings** |

Frederick M. Oberlander[1] and Richard E. Lerner move stay all civil contempt proceedings, at the least all factual aspects thereof, including disclosure, pending completion and closure of the criminal investigation instituted at the request of the court.

To begin with, should the investigation result in charges of criminal contempt, it will create a waste of judicial resources and a potential for manifest injustice if the criminal trial were to proceed after the civil trial.

For another thing, it creates a substantial risk of inconsistent results. For example, an order may not be enforced if it is vague or unclear. That is a factual question, not a legal one. Any determination at the civil level, which in a contempt case, certainly one of constitutional dimension, would be at a clear-and-convincing evidentiary standard and so not preclusive in a subsequent criminal proceeding, which would be especially troublesome if the contempt charges exposed defendants to a sentence of more than six months and so a jury was fact-finding.

For another, there would be a substantial risk of pollution of the subsequent criminal trial, as the defense strategies would be exposed to the government as well as the results of discovery. Even if a protective order were put in place that would not appear questionable, and with respect the constant urging of the court for the government to

---

[1] Jeffrey C. Hoffman of Blank Rome, counsel for respondent Frederick M. Oberlander, joins in this motion.

1

support Sater in the contempt matters would create an instant appearance of impropriety, once the material was used in evidence in the civil proceeding there would be no stopping its use in the criminal proceeding because the public would have a First Amendment right of access to the civil proceeding, and it would be difficult to seal it up so that the evidence is not seen or heard.

Of course, we would assert our Sixth Amendment rights to a fair criminal trial in requesting such a seal of a predecessor civil trial, but that would put the court in the position of speculating on whether a criminal trial would occur. And it would in any event require us to forfeit our Sixth Amendment rights to a public civil contempt trial, which in this circuit exist because of the potential for coercive incarceration.[2]

Then there are our Fifth Amendment rights in connection with the above-referenced criminal investigation instituted at the request of Judge Cogan, which arises from the same underlying facts as this civil contempt proceeding. Oberlander and Lerner will be greatly prejudiced by their inability to meaningfully defend themselves in this civil contempt proceeding proceed prior to resolution of the criminal investigation, because prior to the completion of the criminal investigation their testimony in the civil proceeding could well be deemed a testimonial waiver, and even if not, not testifying could be used by the fact-finder in the civil case to draw an adverse inference. Oberlander and Lerner should not be put in the "impossible" position of attempting to present a civil defense in a manner that protects their Fifth Amendment rights.

---

[2] See *In re Rosahn*, 61 F.2d 690 (2d Cir. 1982) (any civil contempt proceeding in which a contemnor may suffer coercive confinement conveys Sixth Amendment rights to a public trial, reserving decision about applicability to other civil contempts). Local Rule 83.6 provides for coercive confinement for civil contemnors who do not pay an award and FRCP § 83 denies this court the jurisdiction to purport to suspend that.

Moreover, that will create a constitutional crisis because, as remains the law since *U.S. v. Cutler*, 58 F. 3d 825 (2d Cir. 1995), when a criminal contempt defendant wishes not to testify as to what he did or did not tell media, where such disclosure is the alleged contempt itself, he can force the media to testify or supply documentary evidence. It is not clear that would apply in the civil contempt context, though it should because it would be used in a situation where the media know the truth as well as we do.

And even without the waiver issue, we should not risk an adverse inference without clearly knowing we can force the media to come in or take the chance that the government would make use of our testimony in the civil matter.

Similarly, in the event any grand jury subpoenas were to issue, our rights to quash them, for example under heightened Fourth Amendment standards to the extent they implicate First Amendmnet interests, would be vitiated by having to turn over the same material into the civil case, with the same troublesome issues as noted above.

Finally, because your honor may retain the right to appoint a special prosecutor pursuant to Fed. R. Crim. Pro. § 42 (the answer depends on your honor's status, which we address in a parallel motion), having a civil proceeding go first would – nevermind the government – supply the court with a great deal of information with which to use to decide whether to bring criminal charges, and that cannot be fair play.

A district court, of course, has the discretionary authority to stay civil proceedings in cases such as this, where the interests of justice seem to require such action. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). When faced with parallel criminal proceedings, the analysis should be undertaken in light of the particular circumstances and competing interests involved in the case, and after consideration of the

extent to which the defendant's Fifth Amendment rights are implicated." *Id.* Additional factors to be considered include: (1) the interest of the plaintiff (here Sater) in proceeding and the potential prejudice of delay; (2) the burden which the proceeding may place on defendants (here Oberlander and Lerner); (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of third-parties to the civil action; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 324-25.

In *American Express Bus. Fin. Corp v. RW Prof'l Leasing Serv. Corp.*, 225 F. Supp 2d 263 (EDNY 2003), the district court granted a stay of civil discovery as to the two individual defendants to allow them to preserve their Fifth Amendment rights. *American Express*, 225 F. Supp. 2d at 265. The district court also stayed civil discovery as to the entity defendant, reasoning that the entity defendant would be unable to effectively conduct discovery and mount a defense without the availability of the individual defendants, each of whom were executive officers of the defendant corporation. *Id.* at 265-66; see also *Bruner Corp v. Balogh*, 819 F. Supp. 811 (ED Wis. 1993) (finding that "it is not likely" that the entity defendant "could proceed to trial without meaningful discovery from "the individual defendant alleged to be part of the RICO enterprise."), *rev'd in part on other grounds*, 133 F.3d 491 (7th Cir. 1998).

Here, Mr. Sater's counsel stated at the recent hearing that his preference would be for the U.S. Attorney's Office to prosecute the case. So Mr. Sater's interest in moving the civil contempt case to a conclusion is minimal. And any such interest could not possibly outweigh Oberlander's and Lerner's Fifth Amendment and criminal due process rights.

Nor is the long time it has taken remotely the fault of defendants.

4

As for the court's management of its cases, the civil proceedings have not moved forward over the past four years due to the court's own referral of this matter for criminal investigation. That is, the court set in motion the process that has led to the standstill.

Moreover, the civil proceeding is not contemplated to stop any claim of ongoing violations of court orders. It isn't even compensatory, rather is completely vindicatory. Thus there is no risk, as there is in other cases, that failure to proceed with the civil proceeding would allow such non-existent ongoing contempts to continue.

In closing, at the risk of repetition, we respectfully remind the court that while the public has an obvious right to hear these proceedings, and have, through the intervention by the organized media expressed such interest, such interests cannot outweigh Oberlander's and Lerner's right to the full protections of the Fifth Amendment, without the risk that silence would be interpreted adversely. Indeed, as one district court has stated, "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Jones v. Conte*, 2005 WL 1287017, *1 (N.D. Cal. Apr. 19, 2005) (J. Illston) (internal quotation omitted); *see also Continental Ins. Co. v. Cota*, 2008 WL 4298372, *2 (N.D. Cal. Sept. 19, 2008) (stating that the extent to which fifth amendment rights are implicated by a civil proceeding is the first consideration when evaluating a stay request).

Here, the risks to which Oberlander and Lerner are exposed – the extreme reputational risk, and possibility that a conviction of criminal contempt could lead to a suspension of their licenses to practice law – are extreme risks.

Indeed, if discovery goes forward against Oberlander and Lerner, they will be faced with the difficult choice between asserting their rights against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the criminal case. See *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (WDNY 2003).

We ask the court to note that in our notice of pending motions filed June 10, 2016 by Lerner and joined in in court by Oberlander, we noted that we would be moving for such a stay. We point this out because while we did ask for discovery in court, we did so in full contemplation that it would happen, but subject to our preexisting intent to move for a stay pending the criminal completion.

## Conclusion

Wherefore, it is respectfully requested that the civil contempt proceedings against Oberlander and Lerner be stayed pending the completion of the criminal investigation by the U.S. Attorney's Office and of course pending completion of any criminal trial that might ensure.

Dated: New York, New York
       July 6, 2016

                                       /s/ Richard E. Lerner